Ferris agt. Ferris and others.

---

# SUPREME COURT.

### THOMAS T. FERRIS agt. FRANCIS FERRIS and others.

Where a principal sum of money secured by a bond and mortgage, is made pay- able at a future period, with semi-annual interest thereon, and in default of payment of interest in thirty days from the day it becomes due and payable, the whole principal sum shall then become due and payable;

*Held*, that it is a contract agreed upon by the parties, and if from the mere negli- gence of the mortgagor in performing his contract, he suffers the whole debt to become due and payable, according to the terms of the mortgage, no court will interfere to relieve him from the payment thereof, according to the conditions of his own agreement;

*Held*, that the case of *Broderick* agt. *Smith*, (15 *How.* 434,) can hardly be consid- ered as deciding the contrary in a case free from trick or oppressive conduct.

*New - York Special Term, June,* 1858.

INGRAHAM, Justice. IN this case the plaintiff seeks to fore- close a mortgage where the interest has remained unpaid for more than thirty days, and the principal was made payable in

1859, with the condition that it should become payable immediately after the expiration of the said thirty days.

The answer sets up that Mary Rafael, the present owner of the premises, bought the same as part of her separate estate; that her husband has the management of her affairs; that he has been absent for some months; that she is ignorant of business, and that no demand has been made of such interest. The defendant also states that she has paid into court the interest, and interest thereon, and costs, and asks that the complaint may be dismissed with costs from the time of the answer. To this answer the plaintiff demurs.

Upon the argument of this case, I supposed I was concluded by the decision of the general term in *Broderick et al.* agt. *Smith*, (15 *How. Pr. Rep.* 434,) but on examining that case, I find that the plaintiff was bound to have a judgment which was a lien on the premises removed, which was not done until after the interest became due, and then no notice was given of the removal of the incumbrance.

Mr. Justice CLERKE, in delivering the opinion of the court says: " I think it was contrary to all equitable dealing for the plaintiff to take advantage of these circumstances, instead of apprising the defendants of the cancelment (of the judgment.) * * This was oppressive and unreasonable conduct on the part of the plaintiffs."

This can hardly be considered as deciding that in a case free from any trick or oppressive conduct, a plaintiff having a bond and mortgage on which payment of the interest had been neglected for thirty days, may not collect the principal if the defendant brings the amount of the interest and costs into court.

Without expressing any opinion as to the merits of the case of *Broderick* agt. *Smith*, above cited, I feel at liberty to examine the questions in this case as not affected thereby.

The contract made between the parties was for the payment of the principal sum on the 15th of June, 1859, with interest payable half-yearly, and if the interest was not paid within thirty days after it was payable, then the principal sum should be payable immediately thereafter. The question naturally arises,

whether this court, without any other cause than an excuse from the defendant for neglecting to comply with the conditions of the contract, can alter the terms of it without the consent of the parties. That the court may correct errors in a contract, or reform it to make it conformable to the agreement between the parties, is undoubted, but no such mistake is alleged here.

The contract is as the parties agreed. The plaintiff takes the bond and mortgage, with the agreement of the mortgagor to pay the interest at a fixed time, and to pay the principal within thirty days thereafter, if the interest is not paid. What right has any court to say that it is oppressive or unconscionable in a plaintiff to claim the payment of the money which belongs to him on the day when the parties agreed it should be paid? I exclude from the consideration of this question any inquiry as to the power of a court of equity to interfere where fraud has been used to postpone the payment of the interest, because no fraud is alleged here. The only difference is, that the defendant being unacquainted with business, suffered the day of payment to arrive sooner, in consequence of her own negligence, than she would otherwise have done. Is the plaintiff in the wrong for this neglect? or has he done anything by which a court would be authorized to interfere or change the conditions on which he loaned his money and took the bond and mortgage as security?

In Noyes agt. Clark (7 Paige's Ch. Rep. p. 179,) the chancellor says: "The parties had unquestionable right to make the extension of credit dependent upon the punctual payment of the interest at the times fixed for the purpose; and if from the mere negligence of the mortgagor in performing his contract, he suffers the whole debt to become due and payable according to the terms of the mortgage, no court will interfere to relieve him from the payment thereof according to the conditions of his own agreement." (Steel agt. Bradfield, 4 Taunt. 127; 5 Barn. and Adolphus, p. 40; Gerolett agt. Hanforth, 2 Wm. Bl. 958; 3 Burrows, 370.)

It is urged that there is a forfeiture, and equity will always relieve a party against it. But it is a mistake to say that there is

any forfeiture. The plaintiff's claim is for the money secured by the bond and interest. There is nothing more claimed. The debtor owes the amount; he forfeits nothing; he is required to pay nothing but his debt; there is no forfeiture to be relieved. If the bond had been conditioned to pay the money in one year, with an agreement to extend the payment a second year if the interest was paid within thirty days after it became due, no one would for a moment argue that there was any forfeiture. And yet that condition and the condition of the bond in suit are substantially the same. Nor can it be called a penalty. That is a sum named as damages, to be recovered for violating an agreement or promise in lieu of damages. There is no such thing here. No damages are called for. Merely altering the day of payment is neither a forfeiture of any property, nor a penalty in damages for the breach of any agreement. I have been referred by the defendants to the case of *Mayo* agt. *Judah*, (5 *Mumford*, 494,) in which the court held that it was a forfeiture, because it imposed further and greater obligation upon the parties. I do not so consider it in this case, and unless there is something in the act of assembly under which that case arose allowing it, I must dissent from that conclusion. The same remarks apply to the cause cited from 2 *White and Tudor*, *Eq. Cases*, *p.* 468.

In the second and third districts, I am informed, decisions have been made adverse to the right of the defendant to relief in similar cases to the present. My opinion is, that the plaintiff is entitled to judgment, and reference is ordered to H. E. Davies, Esq., to compute the amount due on the mortgage, &c.