## SUPREME COURT.

AUGUSTUS A. VALENTINE agt. JOHN VAN WAGNER and others.

A condition in a *mortgage* of real estate that in default in the payment of *interest for twenty days* after the time limited for the payment thereof, the *principal sum*, together with all arrears of interest thereon, was, at the option of the mortgagee, to become and be due and *payable immediately* thereafter,

*Held*, to be an agreement which the parties had a right to make, and the extension of credit was lawfully made dependent upon the punctual payment of interest.

Upon the failure of the mortgagor to perform the condition upon which the credit depends, the principal becomes due and payable by the terms of his contract. And in the absence of fraud, this, like any other contract, will be enforced by a court of equity.

*New York Special Term, February,* 1862.

MOTION for judgment on foreclosure of mortgaged premises.

E. KETCHUM, *for plaintiff.*

J. G. McADAM, *for defendants.*

ALLEN, Justice. By the terms of the mortgage, upon default in the payment of interest for twenty days after

the time limited for the payment thereof, the principal sum, together with all arrears of interest thereon, was, at the option of the plaintiff, to become and be due and payable immediately thereafter. This condition is not in the nature of a forfeiture, to be relieved against by a court of equity, or which a court of equity will not enforce. It is an agreement which the parties had a right to make, and the extension of credit was lawfully made dependent upon the punctual payment of interest. Upon the failure of the mortgagor to perform the condition upon which the credit depended, the principal became due and payable by the terms of his contract.

In the absence of fraud, this, like any other contract, will be enforced by a court of equity. It is neither oppressive nor unconscionable. (*Noyes* agt. *Clarke*, 7 *Paige*, 179; *Ferris* agt. *Ferris*, 28 *Barb.*, 29, *and cases cited by* INGRAHAM, J.)

In this case the first semi-annual instalment of interest was suffered, by the mere negligence and omission of the mortgagee, to remain in arrear and unpaid from December to May, and the plaintiff then, by his attorney, demanded payment of the principal and interest, treating it all as due, as he lawfully might. What would have been the effect of the payment and acceptance of the interest as interest after that, without an agreement further to extend the time of payment of the principal then actually due, it is not necessary to decide. Be that as it may, the evidence fails to show that the plaintiff did accept the proffered payment of interest on the 23d day of May, 1860. There was an attempt to force upon him, or to leave with him against his will, a sum of money equal to the interest in arrear. But what a court of equity could not do—relieve the party from the consequences of his contract and deliberate act—he could not do of himself without the consent of the other contracting party, and without the intervention of this court. The claim that the plaintiff accepted the money

is, under the circumstances and the statements of the witnesses in that behalf, improbable. From the statement of the lad, the son of the defendant, it is quite evident that the money was not deliberately paid to and accepted by the plaintiff as and for the interest then in arrear ; but a gross sum, a little more than the interest, and a little less than the interest with interest upon it, was mingled with other money that was at the same time paid to the plaintiff when he and his mother fled, leaving it in the plaintiff's hands.

The whole sum has become due by the default of the defendant, the mortgagor, in the payment of interest, and the credit has not since been extended, or the conditions waived by any act of the plaintiff.

There must be a judgment of foreclosure in the usual form for the whole sum secured to be paid, less one hundred dollars deducted by the plaintiff's consent.