## Rubens *vs.* Prindle, impleaded, &c.

A provision, in a bond and mortgage, that if default shall be made in the payment of interest on any day whereon the same is made payable, and the same shall remain unpaid and in arrear for the space of ten days, the principal, with all arrearages of interest thereon, shall, at the option of the mortgagee, become and be due and payable immediately thereafter, is legal and valid.

On the 26th of June, 1858, the plaintiff executed a bond and mortgage to H. for $5000, containing the above provision. On the 7th of August, 1858, the plaintiff sold and conveyed the mortgaged premises to P. subject to the mortgage; the conveyance containing a covenant on the part of P. to pay the money secured by the bond and mortgage, as the same should become due and payable. P. accepted the deed with this covenant, and went into possession. He neglected to pay an instalment of interest, when it became due, and for more than ten days thereafter. In consequence of this neglect H. determined his option by electing to regard the whole principal with all arrearages of interest, as immediately due and payable, and commenced an action against the plaintiff to foreclose the mortgage, praying for a decree against him for any deficiency there might be.

*Held* that as between the plaintiff and P., the latter became, by operation of the conveyance to him of the mortgaged premises, and the covenant therein, the principal debtor to H., and the plaintiff sustained the relation of surety to P.; the land being the primary fund for the payment of the debt.

*Held, also,* that an action could be maintained by the plaintiff to compel P. to pay off the mortgage debt, or, in case of his default, to have the land sold to satisfy it.

And that it was not necessary for the plaintiff, in order to maintain such action, to show that he had paid the whole or any part of the moneys secured by the bond and mortgage, or that he had yet sustained any actual damage in consequence of the default of P. who had expressly covenanted to pay all such moneys according to the terms and conditions of the bond and mortgage.

*Held, further,* that the payment by P. of the interest due, and a part of the principal, with the costs, after H. had determined his option to consider the whole sum due, and the discontinuance of the foreclosure suit, did not operate to revive the credit or time of payment of the remainder of the principal according to the provisions of the bond and mortgage; in the absence of any express agreement to extend the time.

APPEAL from a judgment rendered at a special term. On the 26th day of June, 1858, the plaintiff was the owner of certain real estate situated in the town of Alex-

ander, in the county of Genesee, described in the complaint, and on that day made and delivered his bond to the defendant William C. Hasbrouck, administrator of John Jamison deceased, and guardian of Mary E. Pitts and John J. Pitts, infants, dated on the same day, in the penalty of $10,000, conditioned for the payment to said Hasbrouck, as such administrator and guardian, of $5000, on the first day of June, 1863, with interest payable on the first day of December and June in each year; with a provision that if default should be made in the payment of such interest or any part thereof on any day whereon the same was thereby made payable, and the same should remain unpaid for the space of ten days, the said principal of $5000, with all arrearages of interest thereon, should, at the option of the said Hasbrouck, become due and payable immediately thereafter. At the same time of executing the bond, and on the said 26th day of June, 1858, the plaintiff executed and delivered to the said Hasbrouck a mortgage upon the said real estate as collateral security for the payment of said $5000 and interest, at the times and in the manner specified in the bond, and according to the condition thereof. This mortgage was duly recorded in the office of the clerk of Genesee county, July 8, 1858. On the 7th day of August, 1858, the plaintiff sold and conveyed the said real estate to the defendant Prindle, at and for the price and consideration of $12,000, by deed duly executed by the plaintiff and wife, and bearing date the day last mentioned; by which deed it was declared that the premises thereby conveyed were subject to the said mortgage to Hasbrouck. It was also declared in said deed that the defendant Prindle for himself, his heirs and assigns, covenanted and assumed to pay the said mortgage and the said bond, as the same should become due and payable, as a part of the said consideration .of $12,000 in said deed named. The defendant Prindle received the deed from the plaintiff, with the covenants therein contained, and entered into possession of the said premises under the same. The half year's

interest which became due on the first day of June 1861, upon the plaintiff's bond and mortgage to Hasbrouck, for $5000, was not paid on that day, or within ten days thereafter, nor was the same or any part of it, paid at any time, before the commencement of the present action, which was on the 8th day of August, 1861. In consequence of such default to pay the interest within ten days after it became due and payable, Hasbrouck elected, according to the condition of said bond and mortgage, that the said principal sum of $5000, and all arrearages of interest thereon, should be and become immediately due and payable, and prior to the commencement of the present action, commenced his action in this court, against the present plaintiff, praying for a sale of said premises under said mortgage, and for judgment against this plaintiff for any deficiency which might remain after applying the proceeds of such sale upon the mortgage.

The complaint, after setting forth in detail the foregoing facts, prayed that the defendant Prindle might be adjudged to pay the said Hasbrouck the amount due and unpaid upon said bond and mortgage, both principal and interest, and to the plaintiff the costs of this action ; and in default thereof, that the mortgaged premises be sold according to law, under the direction of this court, and the amount of said mortgage, principal and interest, be paid from the proceeds thereof and the costs and expenses of this action ; and for further or other relief, &c.

The defendant Hasbrouck did not answer the complaint. The defendant Prindle appeared and put in an answer, in which he did not deny the facts set forth in the complaint, but set up several affirmative matters in avoidance, which it is not necessary to state. The action came on for trial at a special term in Monroe county in September, 1862, before Justice JOHNSON, who found that the facts contained in the plaintiff's complaint were true. That after the commencement of this action, the defendent Prindle had an accounting and settlement with the defendant Hasbrouck of and con-

cerning the moneys remaining unpaid on said bond and mortgage, and that the interest up to June 1, 1861, was then paid by Prindle to Hasbrouck, and thereupon Hasbrouck discontinued the foreclosure action brought by him. That thereafter there was further paid to Hasbrouck, on account of the money then remaining unpaid, for principal, such sum as reduced the principal of the bond and mortgage to $3500; and that the interest was then or subsequently paid, up to June 1, 1862. That there was further paid, on the same account, August 2, 1862, the sum of $998.52, which left a balance of $2,543.09 drawing interest from that date, constituting the sum remaining unpaid. The said justice holding the special term found as conclusions of law, that the plaintiff was entitled to judgment in this action; that the defendant Prindle pay to said Hasbrouck, the mortgagee, the said sum of $2543.09, with interest thereon from August 2, 1862, and pay the plaintiff the costs of this action, to be adjusted; and in default of such payment, that the premises described in the complaint be sold by the sheriff of Genesee county, &c; that out of the proceeds of the sale, after deducting the expenses of the sale and his fees, the said sheriff pay to the plaintiff, or his attorneys, the said costs, with interest, and pay Hasbrouck the said sum of $2543.09 with interest thereon from August 2, 1862; and that he pay any surplus moneys into court, to abide the further order of the court.

Judgment was entered accordingly. A case was made on belalf of the defendant Prindle, by which it appeared on the trial, among other things, that on the 30th day of August, 1861, Prindle paid Hasbrouck $175, in full for the half year's interest due June 1st of that year (the previously accrued interest having been paid,) on the bond and mortgage from Rubens to Hasbrouck; and Hasbrouck gave him a receipt therefor, and also indorsed the same on the bond of Rubens. That on the same day Prindle paid Hasbrouck $32.51 in full for the costs and disbursements in the action

before then commenced by Hasbrouck against Rubens, Prindle and others, to foreclose the said mortgage, and Hasbrouck gave him a receipt therefor, in which it was stated that the action last mentioned was discontinued.

The case further shows that the defendant Prindle, who was a witness on the trial, testified that he knew the mortgaged premises and their value; that they would bring, in cash, at public sale, the sum of $12,000. That he, the said Prindle, was worth the sum of $8000, over and above all debts and liabilities, and was worth that sum at the time of commencing the present action. There was no evidence given to controvert this testimony of Prindle.

The evidence being closed, the counsel of Prindle made the following objections to the plaintiff's right of recovery, and moved that the action be dismissed, upon the following grounds, viz:

*First.* The receipt of Hasbrouck, dated August 30, 1861, and the acceptance of the interest then due, and the discontinuance of Hasbrouck's foreclosure action, were in law a waiver of the forfeiture, and nothing was then due.

*Second.* That the testimony shows that the land is an ample security for the debt, and that Prindle is abundantly responsible.

*Third.* The interest is all paid, and Hasbrouck has discontinued his action.

*Fourth.* This action was commenced without any request or demand upon Prindle.

These objections were all overruled, by the judge, who decided that neither of them was a bar to the plaintiff's recovery; to which the defendant Prindle, by his counsel, duly excepted.

*H. Hunter,* for the appellant. This action was commenced by the plaintiff under an apprehension that he might be compelled to pay a debt which the defendant Prindle ought to pay, should there be any deficiency on a mortgage sale. The

plaintiff has not yet been damnified, and the complaint is therefore in the nature of a bill *quia timet.* The plaintiff can not succeed in the action, because,

I. The complaint does not state facts sufficient to constitute a cause of action, and should have been dismissed by the court at special term, on the motion for a nonsuit. This objection can be taken at any stage of the proceedings. (*Code,* § 148.) To maintain this action the plaintiff must show some danger to be apprehended by delay, or some benefit to be obtained by its prosecution. (*Hoag* v. *Rathbun et al.* 1 *Clarke, Ch. R.* 12. *Hayes* v. *Ward,* 4 *John. Ch.* 123.) 1. He exhibits, in his complaint, no possible danger of loss. It appears upon the face of the complaint that there is only $5000 and interest for six months remaining unpaid on the mortgage; that he sold the premises for $12,000; and he specifies no deterioration in value. They are therefore probably worth that sum; especially as he makes no averment to the contrary, and it will be presumed, without such an averment, that they are ample security. Prindle is personally liable to pay the debt, and there is no allegation that he is not perfectly responsible. 2. The complaint sets forth no possible benefit to be obtained by this suit. It appears that Hasbrouck did immediately on the failure to pay the interest, commence a foreclosure, and demand a sale of the premises. That is all that is demanded in this action. Hasbrouck's decree would be just as good for the plaintiff as the decree asked for in this suit. If the premises would not sell for enough on the one, they of course would not on the other. The plaintiff could bid with equal advantage on either sale, and further, he has a full right of subrogation to the decree and all Hasbrouck's rights. When a creditor refuses to proceed against a principal, and danger intervenes after a debt is due, there are cases when a surety may ask to be relieved from his liability; but this is not a case of that kind, as Hasbrouck did proceed immediately. 3. The general rule is that a surety has no cause of action

until he is damnified. Here the plaintiff has sustained no loss. He has made no demand on Prindle, to be released. The mortgage was only due conditionally, and Prindle might still pay interest, and the forfeiture might be waived. And he is entitled to all the credit given by the terms of the mortgage, and has a right to pay at any time before judgment. 4. Hasbrouck has a right to a personal decree against Prindle for any deficiency. The case of *Marsh* v. *Pike*, (10 *Paige* 595,) is very different from this. There the creditor did not proceed; the surety demanded relief; the claim had been due two years, and no one would proceed. This suit is without precedent.

II. On the trial, all the facts set forth in the answer were affirmatively proved, and all the positions in the first point established.

III. The conclusive reason why this action can not be maintained is that there is nothing due on the mortgage. 1. The principal is not due until June, 1863, and Prindle is entitled to all the time given by the terms of the mortgage. 2. The receipt of Hasbrouck, dated August 30, 1861, produced in evidence, and the acceptance of the interest then due, and the discontinuance of the foreclosure suit by him, was a waiver in law of the forfeiture, and nothing was then due. It is a rule of civil law, consonant with reason, that any one may renounce or waive that which has been established in his favor. (*Bouvier's Law Dict. Waiver.*) Any act will be a waiver of the forfeiture which is a distinct and voluntary recognition of a lease by the lessor, with a full knowledge of the forfeiture, as taking rent, &c. (1 *Pars. on Cont.* 427. *Jackson* v. *Allen*, 3 *Conn. Rep.* 251. *See also Charter* v. *Stevens*, 3 *Denio*, 35; 7 *Conn. Rep.* 45; *Chalker* v. *Chalker*, *Id.* 79.) But as this is one of the plainest and most clearly established principles of the common law, it is useless to add authorities.

Hasbrouck alone had the election to claim the forfeiture, but he has renounced and waived that election. Nothing is

due on the mortgage. It would be a monstrous perversion of justice to render judgment against Prindle before a dollar is due; and it would be a violation of the solemn contract of the parties. Besides, what is to be done with the money? Hasbrouck does not want and can not be compelled to take it. It is now a valuable investment and worth a premium.

*G. F. Danforth*, for the respondents. It is not denied that the allegations in the complaint are true. If so, the matters alleged by the defendant constitute no defense.

I. By the default of Prindle the amount secured by the plaintiff's bond and mortgage to Hasbrouck became due, and an action was commenced by the latter for its recovery. By the same default a right of action accrued in favor of Rubens, against Prindle, upon the covenant contained in the deed to Prindle, to enforce which this suit was commenced.

II. No request on the plaintiff's part was necessary, prior to the commencement of this action. Prindle's obligation was to pay the debt at its maturity, according to the condition of the bond. He failed to do this, and thereupon the plaintiff's right of action became perfect, without any further act on his part. (*Marsh* v. *Pike*, 10 *Paige*, 595. *Cornell* v. *Prescott*, 2 *Barb. S. C. R.* 16.)

III. The operation of the condition in the bond and mortgage, as to terms of payment, is not a penalty or forfeiture in the sense in which the words are used by the appellant's counsel. It constitutes an agreement for the extension of credit, dependent upon the punctual payment of interest, at the times fixed for that purpose. (37 *Barb.* 60. *Story's Eq.* § 639.) And if by the negligence or connivance of the party bound to pay, the whole debt became due and payable, according to the terms of the bond and mortgage, he could only be released from the effect of this agreement by some new agreement on the part of the other contracting party. (*Noyes* v. *Clark*, 7 *Paige*, 179. *Ferris* v. *Ferris*, 28 *Barb.* 29.)

That the receipt of a part of the money does not operate

as a waiver, even as between the original contracting parties, was expressly decided in *Bonafous* v. *Rybot*, (3 *Bur.* 1772.) And that neither this nor any other act or transaction between Hasbrouck and Prindle could have the effect of defeating the right of action which had accrued in favor of Reubens against Prindle, seems very plain.

*By the Court*, WELLES, J. The provision in the plaintiff's bond and mortgage to Hasbrouck, that if default should be made in the payment of interest on any day whereon the same was made payable, and the same should remain unpaid and in arrear for the space of ten days, the principal of $5000, with all arrearages of interest thereon, should at the option of Hasbrouck, become and be due and payable immediately thereafter, was legal and valid, and was doubtless made to secure punctuality in the payment of the interest. Similar covenants have been frequently recognized and enforced by the courts. (*Valentine* v. *Van Wagner and others*, 37 *Barb.* 60. *Noyes* v. *Clark ond others*, 7 *Paige*, 179. *Ferris* v. *Ferris and others*, 28 *Barb.* 29.) The bond and mortgage were given on the 26th day of June, 1858. On the 7th day of August of the same year the plaintiff sold and conveyed the mortgaged premises to the defendant Prindle, subject to the mortgage ; the conveyance containing a covenant on the part of the latter to pay the money secured by the bond and mortgage as the same should become due and payable. Prindle accepted the deed with this covenant, and went into possession of the mortgaged premises. He neglected to pay the installment of interest which became due by the terms of the bond and mortgage on the 1st day of June, 1861, and for more than ten days thereafter, and until after the commencement of this action. In consequence of this neglect, Hasbrouck, the obligee and mortgagee of the bond and mortgage, determined his option by electing to regard the whole principal of $5000, with all arrearages of interest, as immediately due and payable, and prior to the com-

mencement of this action, commenced his action against the present plaintiff to foreclose the mortgage, and for judgment against him personally for any deficiency which might remain after applying the proceeds of such sale upon said mortgage.

Prindle thus became liable to pay to Hasbrouck the whole of the principal with the interest accrued thereon, secured by the plaintiff's bond and mortgage, and the plaintiff for the same reason became personally involved in the same liability. As between the plaintiff and the defendant Prindle, the latter became, by operation of the conveyance to him by the former owner of the mortgaged premises and the covenants therein, the principal debtor to Hasbrouck, and the former sustained the relation of security to the latter; the land being the primary fund for the payment of the debt. (*Russel* v. *Pistor*, 3 *Seld.* 171, *and authorities there cited.*)

This action was therefore well brought, to compel Prindle to pay off the debt, or, in case of his default, to have the land sold to satisfy it. (*Marsh* v. *Pike and others*, 10 *Paige*, 595, *and authorities there cited.* *Cornell* v. *Prescott and others*, 2 *Barb. S. C. R.* 16.)

The payment of the interest due, and a part of the principal, with the costs of Hasbrouck's foreclosure action, and the discontinuance of that action, did not operate to revive the credit or time of payment of the remainder of the principal according to the original provisions of the bond and mortgage. Hasbrouck was still at liberty to prosecute this plaintiff and Prindle the next day after those payments and the discontinuance of his action; and Rubens was not bound to wait and see whether Prindle would make the payment. The whole principal had become due, and Rubens was liable to be prosecuted again any day that Hasbrouck thought proper. It does not appear, and there was no evidence tending to show, that Hasbrouck agreed to a further or any extension of payment of the principal remaining unpaid, or any part of it. In the absence of any agreement to that

effect, it would be a novel proposition that the simple act of a partial payment would operate as an extension of the time of payment of a debt presently due. (*Bonafous* v. *Rybot*, 3 *Burr.* 1370.)

It was not necessary for the plaintiff, in order to sustain this action, to show that he had paid the whole or any part of the moneys secured by the bond and mortgage, or that he had yet sustained any actual pecuniary or other damage in consequence of the default of the defendant Prindle, who had expressly covenanted to pay all of such moneys according to the terms and conditions of the bond and mortgage. He has the right to demand of him to perform his covenant, and of the court, such relief in the premises as it is in its power to afford, which is that which the judgment provides. It is no answer to these views that the defendant is *now* able to pay, &c. If he is thus able, he has the less excuse for not paying.

Nor is it any excuse for the defendant that the land is an ample security to Hasbrouck, who holds the plaintiff's bond for the money and is at liberty, in the first instance, to proceed upon it to collect the amount unpaid.

The foregoing views lead to an affirmance of the judgment.

Judgment affirmed with costs.

[Monroe General Term, January 2, 1864. *Johnson, J. C. Smith* and *Welles*, Justices.]