SYLVESTER W. COMSTOCK, Respondent, *v.* HELEN E. DROHAN, Appellant.

*Assumption of mortgage by grantee — right of grantor — Judgment-roll in foreclosure against grantor — Evidence against grantee, although not notified of action — Costs.*

The plaintiff conveyed a lot to the defendant subject to a mortgage, which the latter assumed and agreed to pay. In an action to foreclose the mortgage, to which the plaintiff, but not the defendant, was made a party, a judgment for deficiency was entered against and subsequently paid by the plaintiff. In an action brought by him to recover the amount so paid, *held,* that section 153 of 2 Revised Statutes (Edm. ed.), page 199, providing that no proceedings shall be had at law for the recovery of a debt secured by a mortgage after a decree has been entered in an action to foreclose the same, unless authorized by the court, did not apply to an action upon a covenant such as formed the subject of the present action.

The object of that provision was to limit a party attempting to enforce the collection of his debt by the foreclosure of a mortgage to that proceeding, unless good cause could be shown why resort should also be had to an action at law.

Although the defendant was not a party to the foreclosure suit, the judgment recovered therein was competent evidence in this action to show the amount of the mortgage debt, the sale of the property, and the amount of the deficiency.

It was not necessary for the plaintiff to give notice to the defendant of the pendency of the foreclosure suit. [Where one person has become obligated to protect another against the consequence of his or her default in payment, a judgment regularly recovered against the party entitled to such protection is *prima facie* evidence of the facts established by it in his favor, in an action against the person bound to make the indemnity.

In this action, *held,* that the plaintiff was entitled to recover the amount of the judgment paid by him, and that the costs and expenses of the foreclosure suit should be deducted from the amount realized upon the sale of the property.

MOTION by defendant for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

*Palmer & De Camp,* for the appellant.

*F. H. Comstock,* for the respondent.

DANIELS, J. :

The plaintiff owned a piece of land situated in the city of Brooklyn which was incumbered by a mortgage, he had become liable to pay. On the 28th of March, 1869, he sold and conveyed the land to the defendant, and inserted in the deed the following clause : "Subject nevertheless, to a certain mortgage made by Mary I. Treadwell and Thomas H. Treadwell to Albert Woodruff, to secure $3,000, and interest, and recorded in said register's office in liber 728 of mortgages, page 157, October 10, 1867, which said mortgage the party of the second part hereby assumes and agrees to pay, the same forming a part of the consideration money hereinbefore expressed, and having been deducted therefrom." The effect of which, between the plaintiff and the defendant, who were the parties to the deed, was to render the defendant primarily, as well as personally, liable for the payment of the mortgage debt. And as to her, the plaintiff continued liable for it after that only as her surety. (*Burr* v. *Beers,* 24 N. Y., 178 ; *Rubens* v. *Prindle,* 44 Barb., 336 ; *Johnson* v. *Zink,* 52 id., 396.) The defendant failed to pay off the mortgage, and so did her grantee. For that default an action was brought by the assignee of the mortgage for its foreclosure and a sale of the property mortgaged. The plaintiff was made a defendant in the action, but the present defendant was not. Judgment was recovered in the usual form for a foreclosure of the mortgage and a sale of the premises. The amount realized by the sale was not sufficient to satisfy the mortgage debt, and a personal judgment was entered upon the confirmation of the report of sale, against the plaintiff, which he afterwards paid ; and

to recover the amount paid, he then brought this action against the defendant. The issue joined in the action was tried at the Circuit, and a verdict directed in his favor against her for that amount.

After the opening of the case on the part of the plaintiff, the defendant's counsel moved for a dismissal of the complaint, " on the ground that the plaintiff does not show that he is in a position to sue for and recover any deficiency upon the foreclosure suit, or that he has any right to the money upon this mortgage, without placing the defendant in a position whereby she could have the benefit of the mortgage." And the same application was renewed and denied at the close of the plaintiff's proof. This statement was in no way suggestive even, of the objection now chiefly taken to the decision of the court. It was not claimed by it that the action was prosecuted in violation of the provision of the statute, declaring that no proceedings whatever shall be had at law for recovery of the debt secured by the mortgage, unless authorized by the court, after a decree had been rendered in the foreclosure case. (2 R. S., Edmonds' ed., 199, § 153.) But if it had been taken it could not possibly aid the defendant in resisting a recovery in the present action. For the statute has no application to an action upon a covenant of the nature of that contained in the deed to the defendant by the grantor, after the payment of the deficiency by him. Its object was to restrain proceedings at law for the collection of the mortgage debt by the party endeavoring to enforce it, by an action for its foreclosure, in which all the relief he might be entitled to could be secured without subjecting the debtor to another action. (*Suydam* v. *Bartle*, 9 Paige, 294.) And not to prevent a party who had been compelled to pay the debt, either wholly or partially, from maintaining an action for his reimbursement against another who had become liable upon an independent agreement to indemnify him. That was the nature of the obligation entered into by the defendant with the plaintiff. She agreed to pay off the mortgage debt, and by necessary implication to indemnify him against the legal consequences of her failure to perform the agreement. When she failed to pay, and it was paid by him on the judgment recovered against him for the deficiency, it was so much money paid for her use, and which he was entitled to recover

against her. The statute never was designed to reach a case of that kind, but to limit the party prosecuting an action to foreclose the mortgage to that proceeding, unless good cause could be shown for relief from the statutory restraint.

The proceedings and judgment in the foreclosure case were received in evidence to show the amount of the mortgage debt, the sale of the property and the amount of the deficiency. That was objected to and is now insisted upon as erroneous, because the defendant was not a party to that action, and had no notice of its pendency. Evidence was given tending to show an informal notice of the pendency of the action to the defendant's husband as her agent. But it was denied by him, and if notice was necessary, the court could not, on that state of the proof, take the decision of the point from the jury and decide the controverted fact itself. The ruling of the court must have proceeded upon the theory, that notice to the defendant of the pendency of the foreclosure suit was not necessary in order to entitle the plaintiff to read the judgment roll in evidence. And as she was bound to indemnify him against the legal results to him from her default in payment, that ruling was correct. For where one person has become obligated to protect another against the consequences of his or her default in payment, a judgment regularly recovered against the party entitled to such protection is *prima facie* evidence of the facts established by it in his favor in an action against the person bound to make the indemnity. The point was examined, and this result maintained, in the case of *Bridgeport Fire Ins. Co.* v. *Wilson* (34 N. Y., 275, 279–281), and it was approved and applied in *Konitzky* v. *Meyer* (49 id., 571, 573, 574, 576); *O'Brien* v. *McCann* (58 id., 373, 376), and to the same general effect are the cases of *Train* v. *Gold* (5 Pick., 380); *Leather* v. *Poultney* (4 Binney, 352); *Carmack* v. *Com* (5 id., 184); *Munford* v. *Overseers* (2 Rand., 313, 318, 319); *Jacobs* v. *Hell* (2 Leigh, 393, marginal paging); *State* v. *Colerick* (3 Hammond, 487); *Clark* v. *Carrington* (7 Cranch, 308). The objection taken to the record and proceedings in the foreclosure suit was properly overruled, and they sufficiently established the defendant's default, and the amount he was charged with and afterwards paid by reason of it. And no evidence to the contrary was even proposed to be given on the part of the defendant.

It was objected on her part, that the costs and expenses of the action to foreclose the mortgage could not be allowed against her to reduce the proceeds of the sale of the property because she was not made a party. And reliance has been placed upon the cases of *Peabody* v. *Roberts* (47 Barb., 92), and *Gage* v. *Brewster* (31 N. Y., 218), as supporting that position. But as they considered only the rights and liabilities of a party in an action to redeem, not included in the action to foreclose, they do not sustain that point. An incumbrancer, not a party to an action for the foreclosure of a mortgage, is not foreclosed or affected in any respect by the proceeding. For that reason his obligations, in the way of payment, cannot be increased by imposing the cost and expense of it upon him. But in this case there was no other way by which the property could be applied to the payment of the debt, and the partial extinguishment of her obligation. It was a necessary result of her default in not paying as she had agreed to do with the plaintiff. Her agreement was, in effect, one which bound her to indemnify him against the consequences of her default. And these costs and expenses, which were deducted out of the proceeds of the sale, were made by reason of it. The plaintiff was obliged to allow them because of her default in payment, and he cannot be protected and indemnified as he was entitled to be under her agreement with him, by rendering him responsible for them. (*N. Y. State Marine Ins. Co.* v. *Protection Ins. Co.*, 1 Story, 458; *Smith* v. *Compton*, 3 Bar. & Adol., 407; 23 Eng. C. L., 106.) The motion for a new trial should be denied, and judgment on the verdict directed for the plaintiff.

DAVIS, P. J., and BRADY, J., concurred.

Motion denied, and judgment on verdict directed for plaintiff.