ROBERT H. BERDELL, APPELLANT, v. ELIZA W. PARK-
HURST AND HARRIET B. BERDELL, RESPONDENTS.

*A husband may sue his wife, for his property wrongfully taken away by her.*

A husband may maintain an action at law against his wife to recover property,
belonging to him, which has been forcibly seized and carried away by her,
under a claim that it belonged to her and not to her husband.

APPEAL from a judgment in favor of the defendants, entered
upon an order dismissing the complaint at the circuit.

The complaint charged the defendants with wrongfully taking
and converting to their own use, on November 9, 1875, the prop-
erty of the plaintiff, valued at $30,000.

It appeared, by the evidence, that the plaintiff, at the time
the property was taken, resided at Goshen, with his wife, the
defendant, Harriet B. Berdell, and that Mrs. Parkhurst, the other
defendant, was then, and had for a long time previous been a
member of their family ; that he was in the habit of going to New
York each day, leaving Goshen about seven in the morning and
returning about six in the evening ; that, on the said 9th day of
November, 1875, he left his wife and children at his residence, as
usual, and on his return in the evening he ascertained that a large
amount of property had been removed, in his absence, under the
direction of the defendants ; they, also, had gone, and never
returned.

The claims for articles of jewelry, and wearing apparel, were
abandoned ; the value of the other property taken was about
$15,000.

At the close of the plaintiff's evidence, his counsel requested the
court to submit the question to the jury, as to whether the
defendant, Harriet B. Berdell, claimed the property taken as her
separate property, and if not, whether she converted it to her own
use.

A request was also made to submit to the jury the questions,
whether there was a confederacy between the defendants to
remove the property wrongfully, and in regard to Mrs. Park-

hurst's participation in the act of removal, and also the question, whether or not she converted the plaintiff's property as charged in the complaint and bill of particulars, as amended.

This motion was denied, and the plaintiff excepted.

The complaint was dismissed as to the defendant, Harriet B. Berdell, because she was the wife of the plaintiff at the time of the alleged conversion and at the time of the commencement of the action ; and as to the defendant Parkhurst, upon the ground that the evidence was insufficient to maintain the action against her.

The plaintiff excepted to each of these rulings.

*W. J. Groo*, for the appellant.

*S. W. Fullerton*, for the respondents.

BARNARD, P. J. :

The plaintiff, at the time of the taking of the property in question, was the husband of the defendant, Harriet B. Berdell. She left her husband's house and took with her therefrom certain personal property of very considerable value. The plaintiff brought this action to recover its value against six persons. The action failed as to four, by consent of the plaintiff upon the trial. The court dismissed the complaint as to the defendant Parkhurst, because there was no proof making out a cause of action against her, and as to the defendant Berdell, because the action would not lie against the wife for the wrongful taking. As to Mrs. Parkhurst, I think the ruling was right. She made no claim to the property. She did not direct the taking, or assist in its removal, directly or indirectly. The entire proof against her was, that she was an inmate of the family up to the time of the removal, and continued with the wife afterwards. She asserted a claim against the plaintiff, upon her own account, the particulars of which do not appear. She went with Mrs. Berdell, upon one occasion, to consult with her attorneys about her claim at the same time that Mrs. Berdell consulted the same attorneys about the property in question. On that occasion Mrs. Parkhurst testifies, that she presumes that she said that she should take what belonged to her, speaking in reference to Mrs. Berdell's claim ; that she favored

the taking, so far as to express an opinion, that she thought Mrs. Berdell was entitled to it. This seems to fall short of evidence upon which a jury could find Mrs. Parkhurst to be a joint actor in the taking. The opinions expressed were not uttered in proximity to the property, nor at the time of the taking, and of themselves show no assertion of the slightest dominion over the property. (*Gillet* v. *Roberts*, 57 N. Y., 28.)

As to the other questions, presented by this appeal, the law is in a very unsatisfactory state. The plaintiff is entitled to own property, and so is his wife. He can bring an action for a conversion against any one who violates his right to have and possess his own property, unless his wife be a person excepted by the relation of husband and wife. She has the same right of action against all trespassers, unless her husband be the sole exception. It has been decided, that a wife may not sue her husband for slander, nor for assault and battery, nor for wages. (*Freethy* v. *Freethy*, 42 Barb., 642; *Longendyke* v. *Longendyke*, 44 id., 366; *Perkins* v. *Perkins*, 62 id., 530; *Shuttleworth* v. *Winter*, 55 N. Y., 625.) The Court of Appeals held that a wife did not become liable to answer her husband's administrators for the proceeds of property disposed of by the wife, without right in the life-time of her husband, when the property was entrusted to the wife, by the husband, for management and control. On the other hand, it has been held, that a wife could sue the husband for a conversion of her property. Some question is made, whether an action at law could be brought, but there is no doubt that a complaint which stated a conversion stated a cause of action, and that the proper relief should be given, even though it was not asked for in the complaint. (*Whitney* v. *Whitney*, 3 Abb. [N. S.], 350.) This court has, in a late case, decided that a wife may sue her husband in ejectment to recover the possession of her property, which was wrongfully detained from her by her husband.

We upheld the action, upon the ground that whoever owned property, and was entitled to its possession, could recover it at law against any wrong-doer, including her husband. The same principle should govern this case. The evidence showed more than a mismanagement of property entrusted to the wife by the husband. It showed a tortious taking. A forcible seizure and

carrying away under a claim that she owned it and that the husband did not. If he cannot challenge her act in a court of law, and recover his property, if it shall be adjudged to be his property, he has not perfect protection, in the enjoyment of his property, under the law. We deem his right of action to be clear against his wife, if she has wrongfully taken his property under a claim that it is her separate estate.

The judgment as to Mrs. Parkhurst should be affirmed, with costs, and reversed as to Mrs. Berdell, with costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed as to Eliza W. Parkhurst, reversed as to Harriet B. Berdell, and new trial granted as to her, costs to abide event.