KATE M. FAY, Plaintiff, *v.* FRANK PICARIELLO et al.,
Defendants.

(County Court, Kings County, December, 1919.)

Foreclosure — mortgages— default in payment of installment of
principal — interest — when plaintiff entitled to judgment.

A mortgage, dated September 10, 1918, which provided for
the payment of the principal by installments, contained a
covenant that in the event of any default in payment of any
of the installments, the entire balance of the principal sum
remaining due should immediately become due and payable.
In an action to foreclose the mortgage for default in the pay-
ment of the first installment of principal it appeared that on
March 4, 1919, plaintiff gave notice to defendant that said
installment would fall due April 1, 1919, and made a formal
demand for its payment when due, in addition to all arrears
remaining unpaid. The notice also stated that it was without
prejudice to the rights of plaintiff and without waiving a prior
demand for interest which plaintiff claimed had not been paid.
It further appeared that on April 7, 1919, plaintiff returned
to defendant a check received January 2, 1919, as not being
for the proper amount of interest due January 1, 1919, and
demanded payment of the full amount of the mortgage with
interest from its date, claiming that defendant had made default
in the payment of the first installment of principal due April
1, 1919. The defendant on April 8, 1919, mailed to plaintiff a
check dated April fifth in payment of said installment and
asked for a receipt. The next day plaintiff returned the check
to defendant, stating it was insufficient to cover the amount
due, and on April 19, 1919, defendant, by his attorney, mailed
to plaintiff two checks, one in payment of the installment of
principal due April 1, 1919, and one for the amount of interest
due and owing January 1, 1919, and while plaintiff retained
the interest check she returned the installment check. *Held,*
that plaintiff was entitled to judgment.

ACTION to foreclose a mortgage.

Patrick J. O'Beirne, for plaintiff.

Kramer & Bourke, for defendants.

MacMahon, J. This is an action to foreclose a mortgage made by defendant on the 10th day of September, 1918, for the sum of $3,750. It provides that the principal shall be paid by installments of $250 each, the first payment to be made April 1, 1919, the remaining payments semi-annually thereafter. The mortgage further provides " that in the event of any default of payment of the installments, the entire balance of the principal sum remaining due, shall immediately become due and payable." On December 1, 1918, plaintiff notified defendant by letter that the first payment of interest, amounting to $63, would be due on January 1, 1919. That on January 2, 1919, defendant mailed to plaintiff a check for $51.56, as payment of the interest due, instead of the sum of $63. Plaintiff however retained the check for $51.56, for more than three months when she returned it to defendant, as not being the proper amount due. The evidence shows that on March 4, 1919, plaintiff notified defendant by letter that the first installment of $250 would fall due on the 1st day of April, 1919, and made a formal demand for the payment of said installment when due, in addition to all arrears remaining unpaid according to the terms and conditions of the bond and mortgage. This notice also stated that it was without prejudice to the rights of the plaintiff and without waiving the prior demand for the interest, which plaintiff claimed had not been paid. The evidence shows that on April 7, 1919, plaintiff returned the interest check for $51.56 to defendant, as not being the proper amount, and demanded payment of the entire amount of the principal of the mortgage with

**664**                    FAY *v.* PICARIELLO.

interest from September 10, 1918, claiming the default
of the defendant in the payment of the installment of
$250, due since April 1, 1919.  On April 8, 1919, defend-
ant mailed to plaintiff a check dated April fifth, for the
sum of $250, in payment of the first installment due
April 1, 1919, and asked for a receipt.  That on the
following day plaintiff returned said check for $250
to defendant, stating it was insufficient to cover the
amount due.  Thereafter, on the 19th day of April,
1919, defendant, through his attorney, mailed to plain-
tiff two checks, one for $250 in payment of the install-
ment on principal due April 1, 1919, and one for $63.68,
in payment of interest account which was due and
owing January 1, 1919.  The plaintiff retained the
interest check, and returned the installment check for
$250.

The learned counsel for defendant contends that
plaintiff having on the 19th day of April, 1919,
accepted the check for sixty-three dollars and sixty-
eight cents interest which fell due on January 1, 1919,
is thereby estopped and waived her right to foreclosure.
There is no legal or equitable force in counsel's conten-
tion, since plaintiff accepted only what was due under
the conditions contained in said bond and mortgage.
Had defendant mailed to plaintiff a check for an
amount of interest to become due at a future specified
time, and plaintiff accepted it, without informing
defendant that she intended to exercise her right to
foreclose, there might be some force in the learned
counsel's contention.  Counsel for defendant cites the
case of *Lawson* v. *Barron,* 18 Hun, 415, in support of
his position.  In that case the action was commenced
because of default in payment of the interest on the
principal for sixty days.  Notwithstanding, plaintiff
accepted payment of said interest, and gave a receipt
for it, and at the time he accepted payment he made

no mention whatever to defendant that it was his election that the whole of said principal sum should become due, and that he was about to bring an action to foreclose the mortgage. In that case, at page 416, the court said: " The plaintiff should not be allowed to receive and quietly pocket the interest, without an intimation of his intention to consider the principal of the mortgage due and to foreclose the mortgage, simply because such interest had not been paid a few days earlier."

With all respect to the learned counsel for the defendant, this court fails to see any analogy between the case of *Lawson* v. *Barron,* and the case at bar. In that case the foreclosure action was for a default in the payment of interest. In the case at bar, the action is brought to foreclose a mortgage for the non-payment of an installment of $250 on the principal sum. In *Rathbone* v. *Forsyth,* 171 App. Div. 26, the learned court said: "We have recently held that where there was a right to rescind a contract the acceptance of a part performance   *   *   *   was a waiver," and cited *French* v. *Row,* 77 Hun, 380, quoting from page 385. But in that case the plaintiff accepted from the defendant six months' interest in advance, knowing it was not due. Plaintiff in the case at bar was guilty of no fraud or oppression.

One of the covenants contained in the mortgage given by defendant to plaintiff, and which is herein sought to be foreclosed, reads as follows: " In the event of any default in payment of any of the said installment payments, the entire balance of the principal sum remaining due, shall immediately become due and payable." The evidence shows that on the 4th day of March, 1919, the plaintiff notified the defendant in writing that the first installment of $250 according to

the terms of said mortgage would be due and payable on the 1st day of April, 1919, and demanded payment thereof, " in addition to all arrears remaining unpaid according to the terms and conditions of the bond and mortgage." That on April 7, 1919, defendant mailed to plaintiff a check for $250, in payment of said installment which by the terms of said mortgage was due April first, which check on the ninth day of April plaintiff returned to defendant, demanding that the entire amount of the mortgage be paid, declaring that defendant had violated the conditions of said mortgage. That on the 19th day of April, 1919, defendant again mailed to plaintiff a check for $250, with a check for $63.80, interest due January 1, 1919, which check for $250 plaintiff again returned to the defendant, and commenced this action to foreclose said mortgage. The fact that the plaintiff refused to accept the overdue installment and elected to declare the whole amount due and to institute her action of foreclosure may, as counsel contends, work a great hardship to defendant. All that may be true, but equity can make no distinction between the rights of plaintiff and defendant; both are equal before the law. The question before the court is, did the defendant neglect to live up to the terms of the contract between himself and plaintiff, expressed in the bond and mortgage? If he did, plaintiff may exercise her right to prosecute her action to foreclose. And in a case free from any fraud, trick or oppressive conduct on the part of plaintiff, plaintiff having a bond and mortgage made by defendant, in which payment of installments of the principal sum is fairly set out and the dates of payment fixed, and defendant neglects to pay at the time stated in said contract of mortgage, and if by such failure he suffers the whole debt to become due and payable according to the terms of the mortgage, no court can interfere to relieve him from

the payment hereof according to the conditions of his own agreement. And although he did forward a check for $250, seven days after the same fell due, and the plaintiff returned it, demanding payment of the whole mortgage, defendant cannot complain. If by reason of his own negligence in failing to perform his part of the contract he becomes a sufferer, no court can equitably interfere between him and the fulfilment of his legal agreements. Courts have no right to say it is unconscionable or oppressive in plaintiff to claim the payment of the money which belongs to her on the day when defendant agreed to pay it. *Malcolm* v. *Allen,* 49 N. Y. 451; *French* v. *Row,* 77 Hun, 380; *Ferris* v. *Ferris,* 28 Barb. 29.

The question arises whether this court exercising its equitable jurisdiction can excuse the defendant for neglecting to comply with the conditions contained in the bond and mortgage or alter the terms of said instrument without the consent of the plaintiff. No doubt this court has jurisdiction to correct errors in contracts over which it has jurisdiction and make them conformable to the agreement between the parties. But nothing of the kind is before it in this case. The evidence shows that on the fourth day of March the plaintiff notified defendant that the first installment would· fall due on the first day of April, 1919, therefore defendant had fair notice of the conditions in the mortgage, and that upon his neglecting to comply with the conditions in the mortgage, the principal became due and payable by the terms of his contract. And in the absence of fraud this like any other contract will be enforced in a court of equity. *Valentine* v. *Van Wagner,* 37 Barb. 61; *Ferris* v. *Ferris,* 28 id. 29; *Noyes* v. *Clark,* 7 Paige, 179; *Steel* v. *Bradfield,* 4 Taunt. 227; *Martin* v. *Clover,* 45 N. Y. St. Repr. 44; 17 N. Y. Supp. 638.

The learned counsel for defendant contends that a judgment in this case against defendant would operate as a forfeiture. The court respectfully differs from the attorney for defendant. A forfeiture is a failure to perform the condition on which the obligee was to be excused from the penalty in the bond. The question of forfeiture has no place in this action. Plaintiff's claim is for a debt owing by defendant secured by his written contract, evidenced by a bond and mortgage. There is nothing more demanded from defendant, than that he comply with its conditions. He is asked to pay nothing but his debt, he forfeits nothing. Damages are not asked for, " there is merely an altering of the day of payment." It is the opinion of the court that plaintiff is entitled to judgment.

Judgment for plaintiff.