### Noyes vs. Clark and others.

Where a bond and mortgage for the payment of $800 in five years, with annual interest, contained a condition that if default should be made in the payment of interest or any part thereof at the time it became due, the whole principal and interest should become due by reason of such default; and shortly before the interest became due, in February, 1838, the mortgagee, who had assigned the bond and mortgage and guaranteed its payment, informed the mortgagor he had so assigned it, but gave no information of the residence of the assignee; and the mortgagor, being unable to find the supposed assignee, tendered the interest to the mortgagee on the day it became due, who refused to receive it, and shortly afterwards the assignee filed a bill to foreclose the mortgage; *Held* that the tender of the interest to the mortgagee was sufficient to save the forfeiture, or at least sufficient to authorize the court to stay the proceedings, upon the payment of the interest then due, until further default in payment of the principal or interest.

Where a creditor keeps out of the way to prevent a tender of the amount due him, a suit commenced by such creditor for the recovery of the debt will be stayed, upon the payment of the amount due, without costs, although a technical right of action existed at the commencement of the suit.

Where the mortgagor has from mere negligence failed to perform his contract, whereby the whole debt becomes due and payable according to the terms of the mortgage, the court will not interfere to relieve him, without a tender or payment of the whole debt.

A court of equity will not permit the mortgagee, or his assignee, to take an unconscientious advantage of the mortgagor, who is willing to pay at the time prescribed but is unable to do so in consequence of the act of the other party.

This was an application to stay the proceedings in a fore- May 1. closure suit, upon payment of the interest due on the bond and mortgage. The bond and mortgage were given the 10th of February, 1835, conditioned to pay $800 five years from date, with annual interest thereon, at five per cent. The bond and mortgage also contained a condition that if default should be made in the payment of the interest, or any part thereof, at the time it became due, the whole principal and interest should become due by reason of such default. H. L. Clark, the mortgagor, paid the interest for the years 1836 and 1837 to V. G. Hall, the assignee of the bond and mortgage. Shortly before the interest became due in February, 1838, Hall, who had assigned the bond and mortgage to T. Roberts and guaranteed their payment, inform-

ed Clark that he had so assigned them, but gave him no information of the residence of the assignee so as to enable him to pay the interest when it became due. Clark, after many ineffectual attempts to find the supposed assignee, or his place of residence, tendered the interest to Hall, on the day it became due, who refused to receive the same on the ground of the alleged assignment, although no assignment from Hall to Roberts was to be found on record. Shortly afterwards, and while Clark was endeavouring to find out the residence of the supposed assignee, he was served with a subpœna in this cause, upon a bill filed by the complainant, as the assignee of Roberts, to foreclose the mortgage.

*M. T. Reynolds,* for the complainant.

*J. Edwards,* for the defendant Clark.

THE CHANCELLOR. I think, from the petition of the defendant Clark, when taken in connection with the affidavit of the complainant, there can be very little doubt of a concerted plan between Hall and Roberts to deprive the mortgagor of the power of paying the interest, on the day when it became due, for the purpose of compelling him to pay the principal monies two years before the time of credit given by the condition of the bond and mortgage. The parties to the original agreement had an unquestionable right to make the extension of credit dependant upon the punctual payment of the interest at the times fixed for that purpose. And if, from the mere negligence of the mortgagor in performing his contract, he suffers the whole debt to become due and payable, according to the terms of the mortgage, no court will interfere to relieve him from the payment thereof according to the conditions of his own agreement. (*Steel* v. *Bradfield,* 4 *Taunt. Rep.* 227. *James* v. *Thomas,* 5 *Barn. & Adol.* 40.) A court of equity, however, will not permit the mortgagee, or his assignee, to take an unconscientious advantage of the mortgagor who is willing to pay at the time prescribed, but who is unable to do so in consequence of

the act of the other party; especially where there is reason to believe the default in payment was the result of a mere trick to defraud the mortgagor of his rights, by depriving him of the power of making the payment at the time pre- scribed. In this case it is evident that the defendant Clark was both ready and willing to pay the interest on his bond and mortgage on the day it became due. And if the as- signee did not intentionally deprive him of the power of do- ing so, by keeping out of the way and concealing his place of residence, he transacted the business of the assignment in such an unusual manner as to produce the same result. Under the circumstances, if Roberts intended to take ad- vantage of the neglect of the mortgagor to pay the interest at the day, it was his duty as an honest man to have given notice to Clark of the assignment, and of his residence, or the place where the payment could be made. As he neg- lected to do this or to put the assignment on record, so as to give the mortgagor the means of ascertaining who he was or where he lived, I am inclined to think the tender of the money to Hall at the day was sufficient to save the forfeiture. At least it is sufficient to authorize this court to interfere and stay the proceedings, upon the payment of the interest now due, until further default shall be made in paying the principal or interest at the times specified in the bond and mortgage.

The complainant appears to have acted in good faith in this case; as he had no reason to suppose, from the circum- stances under which this bond and mortgage was sent to him, that Clark had been deprived of the power of paying the interest according to the terms of his contract. But as it was sent to him to be collected and applied to the pay- ment of a prior indebtedness of Roberts, he sits in the seat of his assignor and cannot be permitted to take advantage of the nonpayment of interest, which it would have been in- equitable and unconscientious in Roberts to have done. And as the sum due for interest at the time of the filing of this bill was not sufficient to carry costs, the proceedings of the complainant must be stayed upon the payment of the interest due on the 10th of February, without costs.

The case of *Johnson* v. *Houlditch*, (1 *Burrows' Rep.* 578,) is in point to show the authority of the court to interfere and stay the proceedings in such a case. There the plaintiff had kept out of the way to prevent a tender of the debt; and the court, upon the ground that the suit was oppressive, ordered the suit to be stayed upon payment of the amount due, without costs, although a technical right of action existed when the suit was brought. Costs were also refused in the case of *Adams* v. *Staton*, (7 *J. B. Moore's Rep.* 365,) where the plaintiff's attorney had sued out a writ after he knew the defendant had called, for the purpose of settling the demand, but could not see him. An order must be entered in this case that, upon the payment to the complainant or his solicitor, within twenty days of the amount of interest due on the mortgage in February last, all proceedings upon the bond and mortgage mentioned in the complainant's bill be-stayed, until default shall be made in the payment of principal or interest according to the condition of such bond and mortgage, and without reference to the default in the payment of interest heretofore due.