(65 App. Div. 112.)

FOX v. POWERS.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. BUILDING CONTRACTS—ARBITRATION — ARCHITECT'S CERTIFICATE — WAIVER.
   Where the parties to a building contract agreed "to waive the architect's certificate and submit all matters of difference to arbitration," the revocation of the arbitration terminated the waiver and relegated the parties to their rights under the original contract.

2. SAME—NECESSITY OF ARCHITECT'S CERTIFICATE—EXTRAS.
   A clause in a building contract, providing that any dispute as to the value of extra work should be submitted to arbitration, did not negative the effect of a provision requiring the architect's certificate of satisfactory completion, so as to dispense with the necessity of such certificate as to extras, and require arbitration as to all questions concerning them, but arbitration was required only as to the "value" of extra work.

3. SAME—UNCONTROVERTED ALLEGATIONS IN ANSWER—ISSUE.
   In an action on a building contract, where plaintiff averred waiver of the requirement as to the architect's certificate, and defendant, besides answering on the question of waiver, alleged that the refusal of the architect to issue a certificate was justifiable, and both parties introduced evidence as to the reasonableness of such refusal, the issue as to such refusal was a question for the jury, though plaintiff filed no reply, under Code Civ. Proc. § 522, providing that an allegation of new matter in the answer is deemed controverted by the adverse party.

Appeal from trial term, New York county.

Action by Henry E. Fox against Nathaniel B. Powers. From a judgment in favor of defendant, plaintiff appeals. Reversed.

This action was brought to recover an alleged balance due the plaintiff under a written contract for rebuilding the foundation of the defendant's property and for extra work connected therewith. The complaint alleges that the plaintiff "proceeded with said work until the same was completed according to the terms of the said contract; * * * that the defendant duly waived the provisions in said agreement providing that the said work should be done to the satisfaction of the architect therein named, to be testified by a writing or certificate under the hand of said architect, and also providing that the amount of said contract agreed to be paid to the plaintiff should be paid only provided that a certificate should be obtained and signed by the said architect." On this subject of waiver, the complaint was supplemented by a bill of particulars, which contains the statement that "the time, place, and manner in which the defendant waived the provisions of the agreement referred to in the complaint, providing that the work should be done to the satisfaction of the architect therein named, was by the defendant agreeing personally with plaintiff, on or about the 1st of March, 1897, at the city of New York, to waive the architect's certificate, and submit all matters in difference to certain persons as arbitrators." In his answer the defendant, among other things, alleges, by paragraph 3, "that no certificate from the architect mentioned in said agreement that the said work had been

completed to his satisfaction was obtained by the plaintiff before this action, and alleges (on information and belief) that the work done by the plaintiff was not done to the satisfaction of the architect, but, on the contrary, was so poorly, negligently, and unskillfully done in many respects that said architect was dissatisfied with the same, and so stated to the plaintiff on several occasions, and (on information and belief) that said architect was and is fully justified in refusing to be satisfied with the plaintiff's work, and refusing to give plaintiff a certificate which would entitle him to be paid for his work." Upon the trial the plaintiff endeavored to support the complaint by evidence that the work was performed in a satisfactory manner and completed according to the terms of the contract, that certain extra work was done, and that the certificate of the architect was waived; and upon the cross-examination of the plaintiff's witnesses the defendant endeavored to support the allegations of paragraph 3 of the answer by eliciting testimony tending to show, not only that the certificate was not waived, but that the architect had refused to give the certificate, and was fully justified in such refusal. At the close of the plaintiff's case a motion was made to dismiss the complaint. The plaintiff thereupon asked to go to the jury upon the question of waiver; upon the question of whether the refusal of the architect to give the certificate was not, under the circumstances proved in the case, an unwarrantable and unreasonable refusal; and also upon the question of the liability of the defendant for the extra work. These motions of the plaintiff were denied, and the defendant's motion to dismiss the complaint was granted; and it is upon the exceptions taken to these rulings that this appeal is based.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edmund L. Mooney, for appellant.
Wallace MacFarlane, for respondent.

O'BRIEN, J. Were there no other issue upon the trial than that of waiver, which was tendered by the complaint as limited by the bill of particulars, we should be in favor of the affirmance of this judgment, because we think the ruling that the plaintiff's proof, under the complaint and bill of particulars, was limited to "the time, place, and manner" therein specified, was right. It is true that the bill of particulars, after giving the time and place, stated that the agreement was "to waive the architect's certificate, and submit all matters of difference to arbitration." The argument based on this language, however, that two things were thus included, namely, an agreement to waive and an agreement to submit to arbitration, is forced and unsound; for, reading the clause as a whole, the necessary construction to be given, and what was evidently the idea intended to be expressed by the pleader, was that it had been agreed to have an arbitration, instead of insisting upon the architect's certificate. When the arbitration was ended, therefore, by the plaintiff, he necessarily ended the waiver, and the parties were relegated to their original rights under the agreement.

So, too, with regard to the extra work, we think that the architect's certificate was also required, under the contract, as a condition precedent to the plaintiff's recovery for such extra work. The parties, by their contract, evidently contemplated that extra work might be required, and agreed that it should be within the contract, and that the sum to be paid thereunder should be increased by

the fair and reasonable value of such additional work. There is, as the appellant points out, a clause providing that, should a dispute arise respecting the true value of the extra work, that was to be submitted to arbitration; but this is not inconsistent with the other provisions that, with respect both to the principal work as well as the extra work, the architect's certificate of complete and satisfactory performance should be obtained. It certainly was not intended, by the clause providing for the arbitration, that the arbitrators had the right to determine whether the defendant had ordered the work, or whether it was satisfactorily completed. The arbitrator's duty was confined to settlement of dispute, should any arise, respecting the true value of the extra work.

Upon the questions relating to waiver and extra work, therefore, we think the learned trial judge was right in the rulings made; but there was another issue presented upon the trial, in the disposition of which we think he fell into error. Although the complaint was based upon the theory of a waiver of the certificate, it will be noticed by paragraph 3 of the answer that, in addition to a denial of waiver, the defendant alleged that the architect refused to give his certificate, and that he was fully justified in such refusal by the unsatisfactory way in which the work was done. Thus the issue of the refusal of the certificate and the reasonableness of such refusal was presented for trial, because, this being new matter not directed to anything alleged in the complaint, it was traversed without a reply, and raised an issue to be tried in the action. On this subject section 522 of the Code of Civil Procedure provides:

"An allegation of new matter in the answer to which a reply is not required * * * is to be deemed controverted by the adverse party, by traverse or avoidance as the case requires."

And Dambman v. Schulting, 4 Hun, 50, after quoting this provision, says:

"It is so broad that it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter not constituting a counterclaim, as fully as though it were alleged in the most complete and artistic form. He may avoid it by any evidence properly attended with that result under the principles of either law or equity."

And in Johnson v. White, 6 Hun, 589, it was said:

"The answer in this case does not set up a counterclaim; hence no reply was necessary. * * * No reply being necessary to the answer of the defendant, it was deemed denied for all the purposes of the action. Under such a denial, what evidence may the plaintiff give in reply to the new matter of the answer? * * * He was entitled to give any evidence that avoided the new matter in the answer."

And a very interesting case is that of Reck v. Insurance Co., 3 Civ. Proc. R. 380, where it was said in the opinion:

"At the close of the plaintiff's case the defendant renewed the motion to dismiss upon the ground that on the face of the complaint it was not shown or alleged that the vessel could complete the voyage within the life of the policy, or that she was lost during the life of the policy by any peril insured against; and on this ground the court dismissed the complaint and ordered judgment for the defendant. If there had been anything substantial or meritorious in the motion, it is apparent that the error or defect in the

pleadings was not one which affected the substantial rights of the adverse
party. The complaint had been treated  *  *  *  as sufficient in its aver-
ments, and the defendant in the answer had distinctly taken issue upon the
question whether the vessel was lost during the continuance of the policy
by denying the same."

Many authorities are reviewed in the opinion, and the following
rule, laid down in Slack v. Lyons, 9 Pick. 62, is approved as "just
and sensible":

"When the defendant chooses to understand the plaintiff's count to con-
tain all the facts essential to his liability, and in his plea sets out and ꞏn-
swers those which have been omitted in his count, so that the parties go to
trial upon a full knowledge of the charge, and the record contains enough to
show the court that all the material facts were in issue, the defendant shall
not tread back and trip up the heels of the plaintiff on a defect which he
would seem to have thus purposely omitted to notice at the outset of the
controversy."

See, also, Miller v. White, 4 Hun, 62; Haddow v. Lundy, 59 N.
Y. 328.

In the present case, not only was this issue of the reasonable re-
fusal of the architect to give the certificate presented by the plead-
ings taken together, but in the cross-examination of the plaintiff's
witnesses the counsel for the defendant endeavored to establish it.
As a result, when the plaintiff rested and the motion to dismiss
was made, there was some evidence given by plaintiff tending to
show that the work was substantially performed, and that the de-
fendant had directed the architect not to give a certificate. In
view of these circumstances, we think it may with considerable show
of reason be said that the conduct of the parties on the trial was
to be deemed a consent to try the question of the reasonableness
of the architect's refusal. Thus it was said in Knapp v. Simon, 96
N. Y. 291:

"It is true that the complaint in the case does not in terms set forth all
the facts necessary to support the second cause of action above referred to;
but on the trial the evidence supporting it was admitted without objection,
and no question was at any time raised as to the sufficiency of the com-
plaint to sustain the cause of action proved."

And in Frear v. Sweet, 118 N. Y. 458, 23 N. E. 911, the court says:

"While parties have the right to try the issues made by the pleadings, yet
they are not bound to, but may try any other issue by mutual consent.
*  *  *  The court, in reviewing such cases, is only called upon to deter-
mine whether the parties have consented to try the substituted issues, and
whether the decisions of the court upon the new issue are according to law.
In the absence of amended pleading or of stipulation, the court of review
must infer the consent to try issues from the evidence offered on the one
side, and the absence of objections, or the character of the objections, if any
are made, upon the other side."

Our conclusion, therefore, is that upon the record as it stood
when the opposing motions were made by the parties, although
there was a justification for the dismissal of the complaint upon
the ground that the plaintiff had failed .to prove a waiver, there
still remained this issue as to the refusal of the architect to give
the certificate, upon which the plaintiff was entitled to go to the
jury. We think that the refusal to grant such motion was error,

for which this judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. HATCH, J., concurs on the last ground stated in the opinion.

INGRAHAM, J. I concur in the conclusion reached by Mr. Justice O'BRIEN, but upon a different ground than that suggested by him in his opinion. I think that, as limited by the bill of particulars, the plaintiff had to prove an agreement made on the 1st of March, 1897, by which the defendant agreed to waive the provision of the contract requiring a certificate of the architect; but I do not understand that the waiver relied upon was solely the execution of the agreement to arbitrate. I think that under this allegation it was competent for the plaintiff to prove that on that day there was an express agreement, entirely independent of the agreement to arbitrate, by which the defendant waived the production of the certificate. I agree that the arbitration agreement in itself could not be deemed a waiver of this requirement of the contract, as the plaintiff terminated the arbitration, and thus the parties were relegated to their rights under the contract as though no arbitration agreement had been made. The question would then be presented as to whether the provision of the contract requiring the architect's certificate had been waived by an independent agreement which survived the revocation of the agreement to arbitrate, and I think any competent evidence of such an agreement should have been admitted to establish such a waiver. The plaintiff was asked this question:

"Did you have any conversation with Mr. Powers on the subject of the payment of your claim, in connection with the subject of an architect's certificate?"

That was objected to by the defendant upon the ground that the bill of particulars says definitely that the waiver was agreed to on or about the 1st of March, 1897, and submits all matters in difference to arbitration, and that evidence of any independent agreement was not within this provision of the bill of particulars. This objection was sustained, and the plaintiff excepted, and I think that ruling was error. It is true the form of the question was subject to criticism, but I think that the ruling of the court in sustaining the objection was in substance a ruling that no agreement with the defendant to waive the certificate could be proved, as the plaintiff was limited by the form of the bill of particulars to proof of the arbitration agreement, and he has based his contention of a waiver upon that agreement only. This objection having been sustained upon that ground, I think the exception to the ruling fairly raises the question as to the correctness of the ruling, and that the plaintiff was not bound to put further questions to show that the conversation that took place on the 1st of March was in effect a waiver of the certificate, irrespective of the agreement to arbitrate. For this error I think the judgment should be reversed.