(92 App. Div. 330.)

SCHIECK v. DONOHUE et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ACTION—THEORY OF TRIAL—REVIEW ON THEORY.

Where, in mortgage foreclosure, evidence for the purpose of showing an excuse for defendant's failure to make the required payments was received without objection, though no such excuse had been pleaded, defendant on appeal was entitled to a determination on the theory of the trial as to the excuse.

2. SAME—MORTGAGES—FORECLOSURE.

A mortgage provided that a default of 30 days in payment of interest should entitle the mortgagee to declare the whole debt due. The mortgage was given as a substitute for a prior one. On a tender of the first interest due under the mortgage the mortgagee denied its validity, refused to accept the interest, and commenced an action for the cancellation of the satisfaction of the original mortgage. During such action he refused to accept the interest unless the mortgagor would pay him certain costs in another action to which he was not entitled. The action was discontinued by stipulation, and thereafter the mortgagee changed his residence, giving defendant no notice, so that she was unable to find him, and subsequently he sued to foreclose the mortgage because of defendant's failure to pay installments of interest which had accrued during the pendency of the former action. *Held,* that plaintiff would not be allowed to declare the principal due.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Suit by August Schieck against Annie Donohue and others. From a judgment decreeing a foreclosure, defendant Annie Donohue appeals. Reversed.

See 79 N. Y. Supp. 233; 80 N. Y. Supp. 739.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

J. Wilson Bryant, for appellant.
Peter Cook, for respondent.

LAUGHLIN, J. The action is brought for the foreclosure of a mortgage executed by the appellant upon the premises described in the complaint. The mortgage was given on the 6th day of April, 1900, to secure the payment of $2,000 on the 6th day of April, 1905, with 6 per cent. interest, payable semiannually. It contained the usual condition that upon default in the payment of interest for 30 days the principal should become due and payable at the option of the mortgagee. The plaintiff alleges that the semiannual interest due on the 6th day of April and the 6th day of October, 1901, was not paid, and that after the lapse of 30 days the mortgagee elected that the entire principal should become due and payable. The appellant, in her answer, denied that the interest had not been paid, or that the principal had become due and payable; and alleged as a defense that before the commencement of the action she tendered to the plaintiff "the full amount of the interest due him in cash, personally, and the said plaintiff deliberately and willfully refused to accept the same from the defendant; and the defendant made the tender within the time prescribed for the payment of interest, and has ever since been ready and willing

to pay the same to the plaintiff, but he has steadily refused to accept the same, although the defendant has repeatedly asked him to accept the same." On a former appeal it was held that the facts set up in this answer would constitute a good defense. Schieck v. Donohue, 77 App. Div. 321, 79 N. Y. Supp. 233. Upon the trial the plaintiff showed the nonpayment of the installments of interest which fell due in April and October, respectively, in the year 1901, as alleged; but he admitted that the appellant duly tendered the first installment of interest due upon the mortgage on the 6th day of October in the year 1900, and that at that time he repudiated the mortgage, and insisted that it was fraudulent and void. The attorney for appellant then wrote plaintiff, saying that the money thus tendered had been deposited with him, and would be kept subject to plaintiff's order. It was shown that he shortly thereafter instituted an action for the cancellation of a previous mortgage given to secure the same indebtedness, and to have the mortgage upon which this action is based declared null and void on the ground of fraud, and to compel the appellant to deliver over to him the former mortgage, and for the foreclosure thereof; that the former action was at issue, and upon the calendar for trial, but was discontinued, without costs to either party, by a stipulation of the attorneys, on the 15th day of October, 1901. This action was commenced on the 18th day of November thereafter. Prior to the commencement of this action the plaintiff made no demand for the payment of any of the installments of interest, and never gave the appellant notice of the withdrawal of his claim that the mortgage was void, or that he would accept the interest which had been previously tendered, or the subsequent installments of interest thereon. The evidence shows that during all this time both he and his counsel maintained that the mortgage was void, and plaintiff testified that he did not recognize the validity of this mortgage until he commenced this action to foreclose it. Before the second installment of interest became due, plaintiff changed his residence, and gave the appellant no notice of that, and she, after diligent inquiry, was unable to ascertain his residence. During the pendency of the former action she was at all times ready to pay the installments of interest due, and manifested a willingness to pay the same to his attorney and to him, but her offer was refused unless she would pay him the further sum of $150 costs, to which he had been subjected in a former suit, which she declined. The appellant also showed that she was at all times ready and willing to pay the interest, and had the money for the plaintiff. This evidence was all received without objection or exception that excuse for the failure to pay the installments of interest was not pleaded. The attorney for plaintiff testified that he gave the appellant the address of the plaintiff, but this is fairly controverted by her evidence. In these circumstances the appellant is entitled to have her appeal determined upon the theory upon which the action was tried; for, if her answer was insufficient, and the objection had been taken, it might have been amended. Knapp v. Simon, 96 N. Y. 284; Fox v. Powers, 65 App. Div. 112, 72 N. Y. Supp. 573; Roberge v. Winne, 144 N. Y. 709, 712, 39 N. E. 631; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910; Brady v. Nally, 151 N. Y. 258, 45 N. E. 547; Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992.

We are of opinion that the plaintiff was not at liberty to elect that the entire principal should become due on account of a default in the payment of interest for which he himself was responsible. His conduct is not commendable. It is manifest that in the first instance he denied the validity of the mortgage upon which he now sues for the purpose of enforcing the immediate payment of the indebtedness under a prior mortgage for which this was given as a substitute; and when he concluded that he could not succeed in that action, having repudiated this mortgage, and having left plaintiff in ignorance of his residence, and led her to believe he would not take the interest without exacting further moneys to which he was not entitled, he attempts to take advantage of her failure to pay two installments of interest which became due pending his former action, and assumes to elect, in consequence thereof, that the whole principal, which the appellant was to have until April, 1905, to pay, became due and payable in the fall of 1901. It must be borne in mind that this is not an action at law upon the bond, where a strict legal tender would be required, but that the plaintiff has addressed his petition for relief to a court of equity, which may not only refuse to enforce a forfeiture, but may, in a proper case, relieve against it; and where the failure to make a tender before trial ordinarily only affects the question of costs; and where an offer in the pleading of readiness and ability to perform, such as is contained in the appellant's answer, without a tender or keeping the tender good, is sufficient as a defense, no affirmative relief being asked by defendant. Lawson v. Barron, 18 Hun, 414; Freeson v. Bissell, 63 N. Y. 168; Pomeroy on Eq. Jur. vol. 3, § 1407, and note; Stevenson v. Maxwell, 2 N. Y. 408, 415; Nelson v. Loder, 55 Hun, 173, 7 N. Y. Supp. 849, affirmed 132 N. Y. 288, 30 N. E. 369; Halpin v. Phœnix Ins. Co., 118 N. Y. 165–178, 23 N. E. 482; Werner v. Tuck et al., 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443; Lewis v. Wilson (Sup.) 17 N. Y. Supp. 128; Powell v. Linde Co., 49 App. Div. 286, 64 N. Y. Supp. 153, and cases cited; McNally v. Fitzsimons, 70 App. Div. 179, 75 N. Y. Supp. 331. In equity forfeitures will not be enforced where the debtor was ready, willing, and able to pay, and made every reasonable effort to find the creditor to make a tender, or where the tender was prevented or excused by any act of the creditor, and the debtor avers a willingness and ability to pay. Pomeroy on Eq. Jur. supra; 21 Enc. Pleading and Practice, 551, 559, 575; Wiltsie on Mortgage Foreclosures, 47; Hale v. Patton, 60 N. Y. 233, 19 Am. Rep. 168; Bennett v. Stevenson, 53 N. Y. 508; Wilcox v. Allen, 36 Mich. 160–169; Zlotoecizski v. Smith, 117 Mich. 202, 75 N. W. 470. In Selleck v. Tallman, 87 N. Y. 106, where the vendor demanded interest to which he was not entitled, it was held that this excused a tender of the principal until the vendor notified the vendee of his readiness to accept the principal without interest. A refusal to accept dispenses with the necessity of a tender. Crary v. Smith, 2 N. Y. 60, 65. In Noyes v. Clark, 7 Paige, 179, 32 Am. Dec. 620, which was an action by a second assignee of a mortgage to foreclose it, where neither assignment had been recorded and the mortgagor had tendered the installment of interest due to the mortgagee, who refused to accept the same on account of the assignment, the court, in declaring that there

could be no valid election to declare the principal due, as to the holder of the mortgage, if he intended to take advantage of the neglect of the mortgagor to pay the interest, say: "It was his duty, as an honest man, to have given notice of the assignment, and of his residence, or the place where the payment could be made." In House v. Eisenlord, 30 Hun, 90, affirmed 102 N. Y. 713, where the sum of $87.50 was due for interest upon a mortgage, and the mortgagee accepted $70, and informed the mortgagor that he might pay the balance at any time, and then, after waiting 30 days, brought an action of foreclosure, and elected that the entire principal should become due, it was held that the agreement for an extension of time to pay the interest due was without consideration, and therefore the foreclosure could be maintained therefor; but that the mortgagee, having made no demand for the payment of the balance of interest, would not be permitted, in the circumstances, to elect that the principal should become due, and a foreclosure was permitted only for the balance of the interest, and without costs. The case most favorable to the plaintiff is Asendorf v. Meyer, 8 Daly, 278, 280, where the rule was stated to be that, where sufficient excuse for the default in paying interest to relieve from the election to regard the principal as due is shown, still the mortgagee may foreclose for the interest due, and recover costs, unless the defendant has paid the interest into court. In the circumstances we are of the opinion that, before the plaintiff could elect to declare the principal due on account of appellant's default in paying the interest, he should have notified her of his determination to treat the mortgage as valid, or of his readiness to accept the interest, informing her where the same might be paid. The interest, however, is due, and has not been paid, and the plaintiff is entitled to maintain his action to foreclose the mortgage for the nonpayment of the interest.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur.

INGRAHAM, J. I dissent. The only question here is whether or not the answer set up a defense to the cause of action alleged in the complaint, which was established by the evidence upon the trial. The mortgage to foreclose which the action was brought is conceded. By its provisions the principal sum becomes due on the failure of the mortgagor to pay an installment of interest for 30 days, and the only defense alleged is "that before the commencement of this action the defendant Annie Donohue duly tendered to the plaintiff the full amount of the interest due him in cash, personally, and the said plaintiff deliberately and willfully refused to accept the same from the defendant, and the defendant made the tender within the time prescribed for the payment of the interest, and has ever since been ready and willing to pay the same to the plaintiff." No application is made to be relieved from a default, if one occurred, and the simple question before the trial court was whether or not this allegation of the answer was sustained by the evidence. The complaint alleges that "the interest upon said

bond and mortgage which became due and payable on the 6th days of April and October, 1901, has never been paid; that more than 30 days have elapsed since the same became due and payable; that the plaintiff has elected and now elects to deem the whole principal sum to be immediately due and payable." The plaintiff testified that the interest that was payable on the 6th day of April, 1901, was not paid; that the interest that was payable October 6, 1901, was not paid, and remained unpaid down to the trial. The plaintiff admitted that the interest that became due on October 6, 1900, was tendered to him, and that he refused to accept it, he having at that time an action pending to set aside this mortgage as having been obtained by fraud, and to restore a former mortgage that had existed upon the property, and which had been satisfied upon the execution of the mortgage in suit. There was, however, no proof to show that the interest that became due in April, 1901, and October, 1901, had ever been tendered. The former action was discontinued by an order entered upon a consent of all the parties to the action, this defendant being one of the defendants, and her attorney consenting on October 5, 1901, the day before the installment of interest due October 6, 1901, was payable. That action having been discontinued, all claim that the present mortgage was not to be enforced was at an end. The defendant had 30 days within which to pay the interest that was then due. She made no effort to pay the interest. No tender of it was made, and that default extended until after the commencement of this action, which was on November 18, 1901, and after the default had extended 30 days; so that, assuming that the defendant's position excused the tender of that interest up to the date of the discontinuance of the first action, after that action was discontinued the defendant was certainly bound to pay or tender the interest that became due on a subsequent day, and a default continuing for upwards of 30 days gave the plaintiff the right to elect that the whole amount secured by the mortgage should become due. There is no claim that she made any effort to tender this amount. If she did not know the residence of the plaintiff, she knew that he was represented in the action by an attorney, and she certainly could have tendered the interest to him.

I think the defense alleged was unproven, and that upon the conceded facts the plaintiff was entitled to judgment.