## ISAACS v. BALDWIN.

(Supreme Court, Special Term, New York County.   April 11, 1906.)

1. MORTGAGES—NONPAYMENT OF INTEREST—RIGHT TO CLAIM FORFEITURE.

Equity will not permit the mortgagee or his assignee to take an unconscionable advantage of the mortgagor, who is willing and able to pay interest at the prescribed time, but without fault on his own part is unable to find the mortgagee after making every reasonable effort to do so; and in such a case the mortgagee's assignee, not having given the mortgagor notice of the assignment and of his residence, or where payment could be made, could not enforce a forfeiture.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1163.]

Action by one Isaacs against one Baldwin.   Complaint dismissed. Order affirmed, 100 N. Y. Supp. 1122.

S. & E. James, for plaintiff.
V. B. Bushby, for defendant.

O'GORMAN, J.   A court of equity will not permit the mortgagee or his assignee to take an unconscionable advantage of the mortgagor, who is willing and able to pay the interest at the prescribed time, but without fault on his own part is unable to find the mortgagee, although he makes every reasonable effort to do so.   In such a case there can be no valid election to declare the principal due.   Schieck v. Donohue, 92 App. Div. 330, 87 N. Y. Supp. 206.   In that case the court said:

"If the holder of the mortgage intended to take advantage of the neglect of the mortgagor to pay the interest, it was his duty, as an honest man, to have given notice of the assignment and of his residence, or the place where the payment could be made."

This the plaintiffs did not do, and they will not be allowed to claim a forfeiture.   The interest has been tendered, and the tender has been kept good by payment into court.

Complaint dismissed, with costs.