### SMITH v. LAMB et al.

(Supreme Court, Special Term, Suffolk County. June 20, 1908.)

.I. Mortgages—Foreclosure—Default in Payment of Interest.

A provision in a mortgage that, in event of failure to pay interest within a certain time after due, the mortgagee might elect to treat the whole principal as due and payable is valid, and the court will not gen- erally relieve against it, except where the default was in some way procured by the mortgagee.

.2. Same.

Property belonging to a bank was mortgaged, the mortgage providing that, if interest was not paid within 30 days after due, the mortgagees might elect to treat the whole principal as due and payable. The bank suspended payments temporarily, and a temporary receiver was appointed in an action by the Attorney General. At the time of his appointment, no interest was due, but, while the court was in custody of the bank's assets, interest became due and remained unpaid for 30 days, upon which the mortgagees elected to treat the whole mortgage due and payable. *Held*, that the court being responsible for the default, and there being no question of actual insolvency in the case, the court could and should relieve the bank from the default; it not appearing that the mortgagees would suffer any real loss or disadvantage therefrom.

Action by Eugene P. Smith against Gertrude Lamb and others ·to foreclose a mortgage upon default of payment of interest. De- fendant relieved from default upon payment of arrears of interest ·with interest thereon.

Benjamin H. Newell and Benjamin A. H. Smith, for plaintiffs. Edward M. Grout and Paul Grout, for defendant Borough Bank.

CARR, J. This is an action to foreclose a mortgage on real prop- ·erty for failure to pay interest thereon within 30 days of a specified

interest date. The mortgage contains the usual clause providing that, in the event of failure to pay interest within 30 days of the date of its falling due, the mortgagee may elect to treat the whole amount of the principal sum as due and payable. There is no controversy between the parties as to the facts. Interest became due and payable on the mortgage in question on November 29, 1907. It was not paid, and the mortgagee thereupon elected to treat the mortgage debt as due, and hence this action to foreclose. It is well settled that a clause of this nature in a mortgage is valid and enforceable. The court will not relieve from it generally, except where the default was in some way procured or brought about by some act of the mortgagee. Noyes v. Clark, 7 Paige, Ch. 179, 32 Am. Dec. 620; Ferris v. Ferris, 28 Barb. 29; French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849; Noyes v. Anderson, 124 N. Y. 175, 26 N. E. 316, 21 Am. St. Rep. 657; Hothorn v. Louis, 52 App. Div. 218, 65 N. Y. Supp. 155; Pizer v. Herzig, 120 App. Div. 102, 105 N. Y. Supp. 38. In this case there was no act of the mortgagee which in any way brought about the default. The circumstances connected with it are, however, so exceptional as to be entirely distinct from the facts coming before the courts in any of the earlier cases in which the general rule was declared. The land covered by the mortgage now is, and, for some time prior to the default in the payment of interest was, owned by the defendant the Borough Bank of Brooklyn. This institution suspended payments temporarily on October 25, 1907. On November 26, 1907, this court appointed temporary receivers of the bank in an action brought by the Attorney General, who immediately qualified and took possession of its assets as officers of this court. At that time no interest was due. While this court was temporarily in custody of the assets of the bank, the interest became due and remained unpaid by the receivers during the subsequent 30-day period. Thereupon the mortgagees elected to treat the whole mortgage debt as due and payable. These temporary receivers have since been discharged, and the bank has resumed business, and is desirous of paying all arrears of interest and proper costs and disbursements.

We have here a case in which the default was caused not by the negligence of the owner of the land, but by an act of the state, quasi governmental in its character. Whether the court can relieve an owner of land from the ordinary consequences of such a situation does not seem to have been up for decision heretofore. In all the cases in this state in which relief has been denied in cases of this nature the default has been attributable to some negligence on the part of the party bound to pay the interest. In many cases, however, relief has been granted when the apparent default was procured by such acts of the mortgagee as would render his attempt to take advantage of it as unconscionable. Here, however, the mortgagee is in no way chargeable with any of the circumstances which resulted in the default as before observed. In the cases above cited the clause in the mortgage is declared not to be a penalty or a forfeiture in its nature, and thus to be outside the general rules of equity on

these subjects. Yet the situation here presented is one in which relief should be granted on terms of equality if this court has power so to do. This court by assuming control of the bank's business and assets disabled the bank from paying the interest, and thus produced the default. There is no question of actual insolvency in the case. The interference of the court was precautionary in its nature, and was done under the authority of general laws. Its effect was to suspend the power of the bank to discharge its obligations. When the court took charge, the bank was not in default. It did not perform at the appointed time because its power to do so was temporarily paralyzed by sovereign authority. People v. Globe Mutual Insurance Co., 91 N. Y. 174. There is nothing in this case to show that the plaintiff will suffer any real loss or disadvantage if the defendant be relieved. I think the court has power to relieve, and should do so.

Judgment is directed relieving the defendant the Borough Bank from the effect of the default on payment of all arrears of interest, with-interest thereon, together with the taxable costs and disbursements of the plaintiff, within five days from the entry of judgment.