## WEINSTEIN v. SINEL et al.

(Supreme Court, Appellate Division, Second Department.    June 4, 1909.)

1. MORTGAGES (§ 434*)—FORECLOSURE—PROPER PARTIES.

One guarantying the payment of a mortgage debt is a proper party defendant in an action to foreclose the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1276; Dec. Dig. § 434.*]

2. MORTGAGES (§ 99*)—CONSTRUCTION.

A clause in a mortgage must be construed according to the manifest intent of the parties as shown by the writing.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 99.*]

3. MORTGAGES (§ 401*)—RIGHTS OF MORTGAGEE—"ALL."

A second mortgage, executed on a printed form stipulating that, in default of payment of "all taxes, charges, and assessments," the mortgagee may pay such "tax, charge, or assessment" and the same shall be a lien on the mortgaged premises and the whole amount secured shall become due on the election of the mortgagee, referred to the prior mortgage, and the draftsman inserted, after the word "taxes" in the first-quoted clause, the words "interest on prior mortgage," but omitted to reinsert such words in subsequent clauses, where the words "tax, charge, and assessment" appeared. *Held*, that the failure of the mortgagor to pay the interest due on the prior mortgage authorized the mortgagee to pay it and declare the mortgage indebtedness due; the word "all" being used in the sense of "any."

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 401.*

For other definitions, see Words and Phrases, vol. 1, p. 313; vol. 8, pp. 7572, 7573.]

4. MORTGAGES (§ 401*)—FORECLOSURE.

A mortgagee in a second mortgage, stipulating that he may, on default of the mortgagor to pay interest on a prior mortgage, elect to declare the mortgage debt due, will not be denied relief merely because he began an action to foreclose the mortgage four days after he had paid interest due on the prior mortgage.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 401.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Abraham D. Weinstein against Rebecca Sinel and others. From a judgment for plaintiff, defendants Solomon Frank and another appeal. Affirmed.

The following is the opinion of Mr. Justice Carr at Special Term:

This is an action to foreclose a second mortgage. All the parties defendant are in default, except the defendants Frank and Danowitz, who were made parties because they had guaranteed the payment of the mortgage debt. They are proper parties defendant in this action. Robert v. Kidansky, 111 App. Div. 475, 97 N. Y. Supp. 913. These defendants resist judgment in this action as against themselves on the ground that the bond and mortgage were not due at the beginning of the action. The period of maturity provided by the bond and mortgage is August 1, 1911. The plaintiff sues upon the claim that, by reason of a default on the part of the owners of the property in paying the interest on a prior or first mortgage, he had the right to and did elect that the second mortgage should become immediately due and payable. The important question in the case arises upon the construction to be given to a clause in the second mortgage which is said to give such right of election. This question is to be determined according to the manifest intention of the parties as shown by the writing.

The parties to the second mortgage used a printed form, such as law stationers sell and which are in common use by the legal profession. This form contained a clause, marked "Seventh," which provided as follows: "Seventh. And the said mortgagee does further covenant and agree that in default of the payment of all taxes, charges, and assessments which may be imposed by law upon the said mortgage premises, or any part thereof, that it shall and may be lawful for the said mortgagee, without notice to or demand from the mortgagor, to pay the amount of any such tax, charge, or assessment, with any expenses attending the same, and any amount so paid the said mortgagor covenants and agrees to repay to the said mortgagee, with interest thereon, without notice or demand, and the same shall be a lien on the said premises, and be secured by the said bond and by these presents; and the whole amount hereby secured, if not then due, shall thereupon, if the said mortgagee so elect, become due and payable forthwith." As there was a prior mortgage on the premises, specifically referred to in this instrument in question, the draftsman of the second mortgage inserted in the "Seventh" clause of the printed form the words "interest on prior mortgage," so that the clause read: "And the said mortgagor does further covenant and agree that in default of the payment of all taxes, interest on prior mortgage, charges, and assessments which may be imposed by law upon the said mortgaged premises, or any part thereof, it shall and may be lawful for the said mortgagee, without notice or demand to or from the mortgagor, to pay the amount of any such tax, charge, or assessment," etc. The draftsman, however, neglected to reinsert the words "interest on prior mortgage" in subsequent lines of the clause where the words "tax, charge, or assessment" appear.

As a result of this omission, the defendants contend that the final provision of the clause, "and the whole hereby secured, if not then due, shall thereupon, if the said mortgagee so elect, become due and payable forthwith," does not apply to a case where there has been a default in the payment of interest on the prior mortgage. A default did occur in the payment of interest on the prior mortgage, and the plaintiff, to protect his security, paid some $1,400 as accrued interest on the first or prior mortgage. This first mortgage was in the sum of $52.500, on which interest was payable half-yearly in amounts of $1,443.75. If the defendants' contention as to the effect of the clause in the second mortgage is correct, then the mortgagors were in position that they could stand by and compel their mortgagee to pay the interest on the first mortgage every time it accrued, in order to protect his security·of the second mortgage, without having any remedy against them, except by subrogation at the fixed maturity of his own mortgage. This result would be so extraordinary as to require the plainest evidence that. the parties so contracted. It seems to me, on the contrary, that the parties

to the second mortgage never so intended. The "Seventh" clause in the second mortgage, which is the one in suit, gives the mortgagee the right to pay the interest on the first mortgage whenever it became overdue; and the last provision of that clause related back to a default in the payment of the "interest on the prior mortgage," as well as to a default in the payment of "all taxes," etc. The word "all" here is used in the sense of "any," as is shown by the latter use in the same clause of the words "any such tax, charge, or assessment."

The defendants further contend that, inasmuch as the plaintiff began this action four days after he paid the interest on the first mortgage, this court should deny him relief on the ground that his election to treat his mortgage as immediately due and payable is inequitable and oppressive on the defendants. They urge the decision in Germania Life Ins. Co. v. Potter, 124 App. Div. 814, 109 N. Y. Supp. 435, as sanctioning a dismissal of the plaintiff's complaint on this ground. That case must be confined to its precise facts, where the court held that the plaintiff's course of dealing with the defendant misled the defendant. Without such a finding, that decision would be in flat opposition to a long line of authorities which have settled the law on this point for several generations. Smith v. Lamb, 59 Misc. Rep. 568, 111 N. Y. Supp. 457. I find no satisfactory evidence in this case that the plaintiff in any way misled these defendants.

Judgment is directed for the plaintiff against all the defendants for a foreclosure of the mortgage in suit. Provision is to be made in the findings and judgment defining the contingent liability of these two defendants as guarantors to the amount stated in their written guaranty.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.