GEORGE A. CRUMP, Plaintiff, *v.* ANNIE MANGAN, JOHN F. FITZPATRICK, MARGARET REILLY, EDWARD BECK, JENNIE BECK, MARY BECK, KATIE BECK and EDWARD BECK, JR., Defendants.

(Supreme Court, Bronx Special Term, November, 1917.)

Contracts — execution of — provisions of — for sale of real property — deeds — liens.

By a written contract for the sale of certain real property, plaintiff, the intending purchaser, agreed to pay the purchase price, $2,000, as follows: $100 in cash to the parties of the first part or the survivor of them and $15 on the first day of each and every month during their lives and at their death continue said payment to their heirs until the principal sum had been paid in full; and it was mutually agreed that at the death of the parties of the first part plaintiff should have the privilege of paying off

at once the balance then due upon the purchase price. The contract also provided that, in consideration of the privilege to the parties of the first part of occupying a certain part of the premises rent free during their lifetime, no interest should be charged on the unpaid balance of the purchase price. Synchronously with the execution of the contract the parties of the first part thereto executed and delivered to plaintiff a full covenant deed of said premises which contained a clause to the effect that the premises conveyed were free from incumbrances excepting certain conditions and obligations contained in the contract of sale between the parties to the deed of conveyance,. both of which instruments were duly recorded in the proper county clerk's office. One of the parties of the first part to the contract of sale died within a year of the execution thereof and the other party died about seven years later. The cash payment was made and the. payments of $15 per month were duly made until the death of the survivor of said parties of the first part when there remained unpaid on the purchase price the sum of $535, which amount, in an action to have the contract of sale canceled and discharged of record as a lien and incumbrance on the premises in question, plaintiff offered to pay into court. *Held,* that the contract of sale constituted a vendor's lien for the purchase price and was recorded for the purpose of giving notice thereof; that it was an incumbrance on plaintiff's title and upon full payment of the purchase price it should be canceled and discharged of record.

That in the provision of the contract that at the death of the parties of the first part the monthly payments should be paid to their heirs until the principal sum had been paid in full the word " heirs " should not be given its strict legal definition and that the balance due upon the purchase price at the death of the parties of the first part to the contract should be divided between their next of kin at the time of the death of the survivor of said first parties.

ACTION by plaintiff to secure a decree directing that a certain contract in writing be canceled and discharged of record as a lien and incumbrance on real property.

Lawrence N. Martin, for plaintiff.

Peter P. Smith, for Annie Mangan and five defendants named Beck.

Charles H. Harris, for Margaret Reilly.

Clark & Eadie, for John F. Fitzpatrick.

MULLAN, J.  This action is brought by the plaintiff to secure a decree directing that a certain contract in writing be canceled and discharged of record as a lien and incumbrance on plaintiff's real property and to determine the rights of the various defendants in and to the sum of money due by the plaintiff under that contract.  At the trial all of the defendants who appeared and answered agreed upon a written stipulation of the facts, from which it appears that on March 3, 1906, the plaintiff entered into a contract in writing with Catharine Keenen and James Keenen, her husband, whereby they agreed to sell, and the plaintiff agreed to purchase, a certain lot of land with the house thereon erected, situate in what is now Bronx county. The purchase price therein stated was $2,000, to be paid by plaintiff as follows: " One hundred dollars in cash to the parties of the first part (Catharine and James Keenen), or the survivor of them, and fifteen dollars on the first day of each and every month during the terms of their natural lives, and at their death continue the said payment to their heirs, until the whole sum of two thousand dollars shall have been paid off; and it is mutually agreed between the parties hereto that at the death of the parties of the first part the party of the second part (the plaintiff) shall have the privilege of paying off at once the balance then due."  The contract also contains a provision that there shall be no interest charged on the unpaid balance of the purchase price in consideration of the par-

ties of the first part (Catharine and James Keenan) having the privilege of occupying the first floor of the house, rent free, during their lifetime. On the same day the Keenens executed and delivered to the plaintiff a full covenant warranty deed of the premises. The deed is in the usual form except that it contains the following clause: " That the said premises are free from incumbrances excepting certain conditions and obligations contained in a certain contract between the parties hereto, and which contract is simultaneously recorded herewith and binding on the parties hereto." The deed and contract were both recorded on the 15th day of March, 1906, in the office of the register of the county of New York, the then proper office. James Keenen died in January, 1907; Catharine died on January 14, 1913. The $100 payment was made and payments of $15 per month were duly made as provided in the contract until the death of Catharine Keenen, when there remained unpaid the sum of $535, the balance of the $2,000 purchase price. The plaintiff offered to pay into court this sum of $535. The questions are: (1) Is the plaintiff entitled to a judgment canceling as paid and discharging of record the said contract? (2) Is the plaintiff chargeable with interest on the unpaid balance of the $2,000 from the death of Catharine Keenen to date? (3) Who are entitled to receive the unpaid balance of the purchase price, and in what proportions? I think that under the holding in *Zeiser* v. *Cohn*, 207 N. Y. 407, the contract may be deemed to constitute a vendor's lien for the purchase price, reduced to writing and recorded for the purpose of giving notice thereof; that it is an incumbrance on the plaintiff's title, and that after it is fully paid and discharged it should be canceled of record. I do not think the plaintiff is chargeable with interest on the unpaid balance. The contract

Supreme ·Court, November, 1917. [Vol. 101.

expressly provides that no interest shall be charged. After the death of Catharine the plaintiff ceased paying the monthly installments. He asserts that he was unable to ascertain to whom to pay it, but that he was at all times ready, able and willing to pay the balance due under his contract. While it is the general rule that a debtor must seek out his creditor and make a tender in order to prevent the running of interest after a breach of his contract to pay a liquidated amount, still I do not think the plaintiff's failure to pay, in the circumstances here present, constitutes such a breach. In equity a breach will not be enforced where the debtor was ready, willing and able to pay and has made every reasonable effort to find the creditor to make a tender. *Schieck* v. *Donohue,* 92 App. Div. 330; *Hale* v. *Patton,* 60 N. Y. 233. The question, however, remains, Who is entitled to receive the balance remaining to be paid by the plaintiff under his contract? The contract provides that at the death of Catharine and James Keenen the balance shall be paid to " their heirs.'' I.do not think this means the heirs of the survivor. While it is clear that during their lives the husband and wife should receive·the payments equally, and upon the death of one the survivor should receive the entire payments, still there is nothing to indicate that at the death of the survivor the heirs of one should receive the balance to the exclusion of the heirs of the other. It seems to me that it was the intention of the Keenens that, after they were both dead, whatever balance was left should go to the relatives of both accordingly as the law provides in such cases. Therefore, I do not think the word " heirs " should be given its strict legal definition. *Lawton* v. *Corlies,* 127 N. Y. 100. As the property to be distributed here is personal and not real, I think the balance remaining unpaid should be divided between the next of kin of

James Keenen and the next of kin of Catharine
Keenen. In determining who are the next of kin enti-
tled to share in the balance due from the plaintiff it
is necessary to ascertain who were the next of kin of
James and Catharine Keenen at the time of the death
of Catharine. Where there is a provision to pay and
divide among a class, only those members of the class
at the date fixed for the payment take and their inter-
ests do not vest until then. *Geisse* v. *Bunce,* 23 App.
Div. 289. There is, however, no proper proof before
me that the defendants are the next of kin of James and
Catharine Keenen, or their only next of kin. The stipu-
lation entered into by the counsel for the plaintiff and
the counsel for some of the defendants cannot be con-
sidered as such proof. The court must be satisfied by
some evidence that all the proper parties are before
the court so that their respective interests may be
ascertained before it can order the discharge and can-
cellation of record of the instrument in question. *Win-
terson* v. *Wilson,* 40 N. Y. Supp. 961. No sworn testi-
mony as to pedigree was offered by any party. There
must be some evidence of these facts before the plain-
tiff will be entitled to the relief demanded in his com-
plaint. Such proof as plaintiff desires to offer on this
point may be made at a time mutually convenient to
the court and to the respective parties.

Judgment accordingly.