WILLIAM C. STRANGE, Plaintiff, *v.* HARRIS ROSENBERG, YETTA LONDON, THE CITY OF NEW YORK, ABRAHAM DICKMAN and LOUIS KAHAN, Composing the Firm of DICKMAN & KAHAN, "ADOLPH" GREENBERG, and "ADOLPH" GAUBARDS, the Name "Adolph" in Each Instance Being Fictitious, the Real Name of Said Defendants Being Unknown to the Plaintiff, Defendants.

(Supreme Court, New York Special Term, December, 1917.)

Equity — power of, to relieve — mortgages — default — election.
Foreclosure — of purchase money mortgage — default in payment of interest — evidence — judgments — election.

Equity has power to relieve a mortgagor from the operation of a clause in the mortgage giving the mortgagee the right to elect that the whole amount of principal and interest shall be due and payable in case of default in payment of interest.

Where, in an action to foreclose a purchase money mortgage which provided that in case of default in the payment of interest for ten days the mortgagee might elect to declare the whole principal due, it is apparent from the evidence that the default in the payment of the first interest, for failure to pay which the action was brought, was not occasioned by the wilful neglect of defendants, judgment will be directed relieving them from the consequences of their default upon payment of all arrearages of interest, with interest thereon, within five days after entry of judgment.

ACTION to foreclose a mortgage.

Hardy, Stancliffe & Whitaker (Noah A. Stancliffe, of counsel), for plaintiff.

Jacob I. Berman, for defendants Rosenberg and London.

NEWBURGER, J.    This is an action to foreclose a purchase money mortgage given by the defendant Rosenberg to one Mabel S. Suydam, which provided that, in case of default in the payment of interest for ten days the mortgagee might elect to declare the whole principal due.    The first interest, amounting to $180, became due on August 1, 1917, and it is for a failure to pay this interest that this action is brought.    Plaintiff admitted that he was present when the mortgage herein was executed; that he knew the defendant London and his place of residence; that the mortgage which was executed on February 1, 1917, was assigned to plaintiff on or about April 16, 1917; that he did not notify defendant London of such assignment, although he admits that he met London in June while they were both in court at the trial of a suit for commissions on the sale of the mortgaged premises.    It also appears that defendant London, on August 2, 1917, called at the residence of Mabel S. Suydam, in Brooklyn, for the purpose of paying the interest, and on the following day called at the office of the plaintiff for the purpose of ascertaining how he could pay the interest to Mrs. Suydam, but found plaintiff absent from the city. Plaintiff testified that he returned to the city on August 2, 1917, but left town immediately and did not return until the end of the month.    It also appeared that London called at the residence of Mrs. Suydam, the mortgagee, and made a tender to her daughter-in-law.    The *lis pendens* herein was filed on August 25,

1917. The summons was not served, the defendants voluntarily appearing on the 19th day of September, 1917. On the 13th day of September, 1917, the defendants tendered to plaintiff's attorneys the interest with interest thereon, which was refused. The defendants were able and willing to pay the interest. To permit a foreclosure under these circumstances would be unconscionable. See *Isaacs* v. *Baldwin,* 105 N. Y. Supp. 38; affd., 114 App. Div. 903. In *Schieck* v. *Donohue,* 92 App. Div. 334, it was held: "In equity forfeitures will not be enforced where the debtor was ready, willing and able to pay and made every reasonable effort to find the creditor to make a tender or where the tender was prevented or excused by any act of the creditor and the debtor avers a willingness and ability to pay. 3 Pom. Eq. Juris. § 1407; 21 Ency. Pl. & Pr. 551, 559, 575; Wilt. Mort. Forec. 47; *Hale* v. *Patton,* 60 N. Y. 233; *Bennett* v. *Stevenson,* 53 id. 508; *Wilcox* v. *Allen,* 36 Mich. 160, 169; *Zlotoecizski* v. *Smith,* 117 id. 202. * * * In *Noyes* v. *Clark* (7 Paige, 179), which was an action by a second assignee of a mortgage to foreclose it, where neither assignment had been recorded and the mortgagor had tendered the installment of interest due to the mortgagee who refused to accept the same on account of the assignment, the court declared that there could be no valid election to declare the principal due, and that, if the holder of the mortgage intended to take advantage of the neglect of the mortgagor to pay the interest, ' it was his duty, as an honest man, to have given notice * * * of the assignment and of his residence, or the place where the payment could be made.' " It is therefore apparent that the default in the payment of the interest was not occasioned by the willful neglect of the defendants. It has been repeatedly held that a court of equity has power to relieve a mortgagor from the

operation of a clause contained in the mortgage giving the mortgagee the right to elect that the whole amount of principal and interest shall be due and payable in case of default in the payment of interest. *Noyes* v. *Anderson,* 124 N. Y. 175; *Smith* v. *Lamb,* 59 Misc. Rep. 568. Judgment is directed relieving the defendants from the consequences of the default, upon the defendants paying all arrearages of interest, with interest thereon, within five days after entry of judgment herein. No costs to either party.

Judgment accordingly.