FARMERS SAVINGS BANK OF WILLIAMSBURG, Appellant, v.
CHARLES R. ROE et al., Appellees.

MORTGAGES: Right to Foreclose—Tender at Contract Place of Payment. One who tenders interest on his note on the maturity date and at the specific place required by the terms of the note, and keeps his tender good, is not in default, even though the party knew that a distant bank had his notes, but did not know that said bank was the owner of said note. Especially is this true when it is evident that the owner of the notes was intriguing for an excuse to prematurely foreclose the mortgage.

*Appeal from Decatur District Court.*—H. K. EVANS, Judge.

FEBRUARY 6, 1923.

ACTION to foreclose a real estate mortgage. The opinion states the facts. Decree was entered dismissing plaintiff's petition with costs. Plaintiff appeals.—*Affirmed.*

*W. E. Wallace* and *McGinnis & McGinnis*, for appellant.

*S. H. Amos* and *J. W. Kridelbaugh*, for appellees.

DE GRAFF, J.—The foreclosure of the instant mortgage is predicated on the nonpayment of interest on the due date, and thereby, as plaintiff alleges, he elected to make the whole note due and payable, as provided by the terms of the mortgage.

The determination of this appeal necessarily involves questions of fact, and it may be said unless the default pleaded in the payment of the interest at the time specified in the note gave the plaintiff the right to foreclose, such right does not exist. The mortgage is not due until March 1, 1930. It is dated March 1, 1920, and is in the sum of $21,000. It is a first mortgage on 329 acres of Iowa land worth approximately $40,000. The notes secured by the mortgage, together with the interest thereon at the rate of 5½ per cent, are payable at the C. S. Stearns State Bank at Garden Grove, Iowa. A change of the place of payment was never authorized or assented to by the maker. The notes and mortgage are payable to Hugh Jones, Joseph Menary and Edwards Evans, and signed by Charles E. Roe and John Brazelton, as makers. The notes in suit are joint and several in obligation, and are negotiable in form.

At the time that this suit was instituted defendant W. A. Eikenberry was the owner of the land subject to the mortgage lien. The interest in question was due September 1, 1920, and on that date the owner Eikenberry was legally obligated to pay it. A few days prior to September 1st he did forward the interest to the C. S. Stearns State Bank at Garden Grove as evidenced by a check for the amount due payable to the persons who are the payees in the note with instructions to the bank to pay said check to the payees. Prior to that time the notes and mortgage had been transferred to the plaintiff bank, but the assignment of the mortgage had not been recorded.

Eikenberry had been informed by letter that the plaintiff bank held the notes. He was not advised that they were the owners thereof. Under the facts Eikenberry discharged every legal obligation resting upon him. The place of payment as recited in a note is a material thing and specifically recognized as such by the Negotiable Instruments Law of this state. Section 3060-a125 Code Supplement 1913. Furthermore, if a negotiable instrument is, by its terms, payable at a special place, and the debtor is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment on his part. Section 3060-a70 Code Supplement 1913. This provision is applicable to the payment of interest.

The notes in suit were not at the Stearns Savings Bank at Garden Grove on September 1, 1920, and the interest check remitted by the maker remained in the bank where the interest was payable for approximately four months. Eikenberry had been told by the cashier of the Garden Grove Bank that the notes had not been presented for the payment of interest, and subsequently the cashier sent the check to a bank at Williamsburg, Iowa which was the town in which the plaintiff bank had its residence.

It is also shown that the cashier of the plaintiff bank knew that the other Williamsburg bank had the check, and that one or more of the payees of the check knew that it was in the Williamsburg Bank. The payees were secondarily liable on the notes which they had sold to the plaintiff bank. They lived in the community of Williamsburg, were well acquainted with the plaintiff bank, and were patrons of said bank.

In January 1921 the notes were sent to the Garden Grove Bank with instructions that if the interest money had been deposited and was in that bank at the time the interest was due and payable, then the notes should be credited with same and the money sent to the plaintiff bank, and further "if it wasn't there when it was due and was not still there" the bank did not care to accept it. As heretofore stated the Eikenberry check had been sent to another bank at Williamsburg, and consequently at the time the instructions were received at the Garden Grove Bank the latter was unable to comply with the instruc-

tions of the plaintiff bank in the particular mentioned. The notes in fact were returned to the plaintiff bank the next day.

Upon these facts and others, not necessary to be stated, the trial court entered findings in substance as follows: (1) That the said notes have never at any time been presented in good faith at the Stearns State Bank of Garden Grove, Iowa for the payment of the interest alleged by plaintiff to be in default. (2) That the act of the plaintiff bank in mailing the notes to the Garden Grove Bank four months after the interest was due, and at a time when the plaintiff knew that the check made payable to the payees had been sent to Williamsburg by the Garden Grove Bank, with instructions to the bank in Williamsburg to pay the interest, was not a good faith presentment for payment, and not an effort on the part of the plaintiff bank to receive payment of said interest on the notes. (3) That the checks for the payment of the interest in question were always at the bank of payment before the interest became due and were allowed to remain there by Eikenberry, and that he has at all times had the money in the bank on which said checks were drawn, and that no objection was ever made to the form of payment, and that Eikenberry had been ready, willing and able to pay said interest at all times when the same became due and at the place where the same was payable, and has at all times made a good faith effort to pay the same.

Under these facts and findings we conclude, as did the trial court, that the plaintiff was actuated to foreclose said mortgage for the purpose of securing a greater rate of interest than said notes provided, and of accelerating the due date of the principal.

We further conclude, as did the trial court, that the foreclosure was premature and inequitable. The propositions involved are so elementary that we content ourselves with a few citations. See, *Strange v. Rosenberg,* 101 Misc. Rep. 618 (167 N. Y. Supp. 838) ; *Schieck v. Donohue,* 92 App. Div. 330 (87 N. Y. Supp. 206) ; *McCotter v. DeGroot,* 19 N. J. Eq. 72; *Germania Life Ins. Co. v. Potter,* 124 App. Div. 814 (109 N. Y. Supp. 435) ; *Blackman v. Carey,* 192 Iowa 548, 551; *La Plant v. Beechley,* 182 Iowa 452.

The judgment and decree entered by the trial court is— *Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.